ROBERT G. MUNCASTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Muncaster v. Commissioner
Docket No. 7324-73.
United States Tax Court
T.C. Memo 1976-17; 1976 Tax Ct. Memo LEXIS 386; 35 T.C.M. (CCH) 61; T.C.M. (RIA) 760017; January 26, 1976, Filed Robert G. Muncaster, pro se. Thomas R. Thomas, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax for the taxable years and in the amounts as follows: Deficiencies
Additions to Tax, Taxable Year
I.R.C. of 1954 Ended De-
Income
Sec.
Sec.
Sec. cember 31
Tax
6651(a)
6653(a)
6654
1964
$ 855.46
$ 213.87
$ 42.77
$ 16.65
1965
190.03
47.51
9.50
.00
1966
1,891.30
472.83
94.57
41.49
1967
4,167.40
1,041.85
208.37
133.23
1968
1,471.77
367.94
73.59
46.17
1969
1,338.30
334.58
66.92
42.73
In his petition, petitioner assigned errors in this determination as follows: A. That the Assessment amounts to a claim being made on behalf of the United States against Petitioner by agents of the Department of the Treasury, and as a consequence comes under the definition of a case or controversy as is contemplated by Article III of the Constitution of the United States.
B. That the above Court as is constituted as an Article I Court is unconstitutional and void as an illegal usurpation of *388 Judicial power by the legislative branch of the government of the United States. C. That the delegation of rule-making or legislative power to the Judges of said Court is unconstitutional and void and in violation of Article I Section 8 Clause 17 & 18 of the Constitution of the United States. D. That the shifting of the burden of proof onto the taxpayer is unconstitutional and void in violation of Petitioner's Common Law and Constitutional Rights. E. That the said Tax Court and the statutes and procedures under which it is set up are unconstitutional and void as depriving Petitioner of his right to a trial by Jury. F. That the assessment agents of the Department of the Treasury errored in making the assessment based upon fiat paper bank notes and bank credit not redeemable in gold and silver coin and errored in failing to make the assessment based upon the requirement of Act of Congress of April 2, 1792, Ch. 16, 1 Stats. 250 and Article I Sections 8 & 10 of the Constitution of the United States. G. That said assessment or proposed assessment is null and void and in violation of Petitioner's rights to due process of law in that Petitioner must surrender one of his constitutional *389 rights, (the right against self-incrimination) in order to enjoy another constitutional right (the right to offer evidence and to defend his property rights in a Judicial proceeding according to the course of the common law). Further, that 26 U.S. Code Sections 7201 thru 7212 and other Federal and States Statutes, without a grant of immunity, effectively stop Petitioner from offering evidence in his defense, thus amounting to a denial of due process of law and the guaranteed equal protection of the laws. H. That the Commissioner of Internal Revenue and his agents errored in assessing a corrected adjusted gross income without a full factual basis or any factual basis at all and had no constitutional or statutory authority to do so. I. That the assessment and imposition of fines and penalties by the agents of the Treasury Department and the Statutes authorizing them to do so amounts to the imposition of a Bill of Pains and Penalties or a Bill of Attainder in violation of the Constitution of the United States. J. That the Commissioner of Internal Revenue and his agents errored in making the assessment which amounts to extortion, willful oppression under color of law; and have knowingly *390 demanded other and greater sums than is authorized by law with intent to defeat the equitable application of Title 26, U.S. Code and has made and signed a fraudulent return and document, all in violation of 26 U.S. Code 7214. K. That the method of assessment, whether by statute, rule, regulation or otherwise, is not properly based upon law or fact and is not based upon constitutional procedure and is unconstitutional and void. L. That Petitioner is entitled to have the above Court treated as an administrative agency for the singular purpose of overruling the administrative agents who made and proceeded with an unconstitutional assessment and determination of a deficiency and to uphold Petitioner's constitutional rights. M. That Petitioner has the right to appeal and Petition to any official or employee or agent of the government of the United States to cease and desist in unconstitutional activity and has the further right to appeal to any agent's superior to overrule the unconstitutional activity of any subordinate. That the so-called Tax Court is set up as an administrative superior over the agents who have determined income tax deficiencies against Petitioner. *391 Respondent, in his answer, denied that he erred as alleged in the petition and denied all factual allegations set forth in the petition. This case was set for trial on November 18, 1974, pursuant to notice previously given. Petitioner, on November 12, 1974, served on various officials and employees of the Internal Revenue Service, the United States Attorney in Birmingham, Alabama, other Federal employees and a United States District Court Judge in Birmingham, Alabama subpoenas ducestecum seeking various documents including transcripts of proceedings in the case tried in the United States District Court for the Northern District of Alabama which resulted in petitioner's conviction of willfully and knowingly failing to file Federal income tax returns for the calendar years 1966, 1967 and 1968. Motions to Quash these subpoenas were filed and petitioner filed a Motion to Continue the trial. Upon hearing all of these motions, certain information requested in the various subpoenas was made available to petitioner and action was taken on the various motions and the case was continued generally. Thereafter, on March 4, 1975, respondent served on petitioner Respondent's Requests *392 for Admissions. Petitioner, after the time provided by Rule 90 of the Rules of Practice and Procedure of this Court, but in response to letters from respondent's counsel requesting that he answer the Requests for Admissions within an extended time, sent to respondent a document entitled "Petitioner's Answer to Respondent's Request for Admissions." This document basically stated that petitioner could not admit or deny the statements without waiving his constitutional rights and that "[the] admission of any Dollar figure whatever could possibly provide a link in a chain of evidence ultimately subjecting the Petitioner to criminal prosecution for tax 'evasion' (26 USC 7201) at such time as as (sic) the Respondent and his fellow conspirators in Government 'legalize' a claimed 'deficiency' assessment in Tax Court and later claim said 'deficiency' to have been a 'tax liability' initially due at the time Petitioner filed his Tax Returns or on April 15, 1965 thus converting the citizen into a criminal guilty of 'evading or defeating' a tax on his own witness." In this same document, petitioner stated that the constitutional definition of a dollar has been that it be *393 of gold or silver. Respondent on May 23, 1975, filed a Motion to Review Petitioner's Objections to his Requests for Admissions and for an Order that an Answer be served or to Impose Sanctions Under Rule 104. After hearing on this motion of respondent, this Court entered an order granting the motion and finding petitioner's objections insufficient, directing petitioner to answer respondent's request by either admitting or denying the facts stated in the Requests for Admissions and further ordering that upon failure of petitioner to comply with the order for admissions or denial by August 4, 1975, the respondent's Requests for Admissions would be deemed admitted for the purposes of trial of the case. Petitioner on August 6, 1975, filed a Motion to Vacate the prior order which motion was denied and it was further ordered that the matter contained in respondent's Requests for Admissions be deemed admitted for purposes of trial of this case. This case was set for trial on October 20, 1975, in Birmingham, Alabama. Respondent filed a Motion for Summary Judgment in which he alleged that there is no dispute as to any material fact in this case since the basis of his determination in the *394 notice of deficiency was that petitioner received income in each of the years 1964 through 1969 in the amounts and from the sources as set forth in his Requests for Admissions which had been held by this Court to be deemed admitted. Respondent further alleged in this motion that the various assignments of error of petitioner which we have heretofore set forth and the facts alleged in support thereof were not valid as a matter of law to support petitioner's claims. This motion was set for hearing on October 20, 1975, at Birmingham, Alabama. At the call of the calendar on which the case had previously been set for trial, when the case was called, petitioner moved for continuance of the trial on the ground that he had filed in the United States Circuit Court of Appeals for the Fifth Circuit a petition seeking a supervisory writ of mandamus to this Court by the Court of Appeals directing this Court to act on his request that this Court define the word "dollar." Argument was had on petitioner's motion to continue on October 20, 1975, and the motion was denied. The case was set for trial and for argument on respondent's Motion for Summary Judgment on October 24, 1975. Prior to October 24, 1975, petitioner *395 filed a Motion for Reconsideration of the order deeming the Requests for Admissions by respondent to be admitted. This motion was argued on October 24, 1975. Petitioner was, in open Court, afforded the opportunity to admit or deny any of the items contained in respondent's Requests for Admissions as a support for his request for reconsideration. This, petitioner refused to do until such time as the Court should "legally define a dollar." The Court then asked petitioner to state in open Court whether he had received and cashed checks totaling the amounts set forth in respondent's Requests for Admissions and had respondent produce and put in evidence copies of the checks totaling these amounts. Petitioner refused to admit or deny receipt of these checks. He requested a ruling by the Court on whether the District Director was required under section 6020, I.R.C. 1954, [1] to file returns on his behalf for each of the years in issue. In support of this request, petitioner stated he had been convicted for the years 1966, 1967 and 1968 for willful failure to file returns and the documents he had filed for the years 1964, 1965 and 1969 were substantially similar to the documents which were *396 held not to be income tax returns for the years 1966, 1967 and 1968. Respondent, with petitioner's agreement, put the documents petitioner had filed, which he claimed to be Federal income tax returns for the years 1964, 1965, 1966, 1967, 1968 and 1969, in evidence. These documents were each a "Form 1040" showing petitioner's name and address. No figures of income or deductions were shown on any of them and none of these documents was signed under penalties of perjury by petitioner. The Court then ruled that the deficiency notice issued to petitioner was a valid notice of deficiency and directed petitioner to proceed to trial. Petitioner refused to proceed and the Court then took the case under advisement on respondent's Motion for Summary Judgment and set a date by which the parties were to file briefs with respect to that motion. Petitioner filed certain documents that were considered as briefs and on January 2, 1976, filed the following motions, all of which were denied: (1) Motion to Dismiss for Lack of Jurisdiction with Affidavit & Exhibits (2) Motion for Order Demanding Best Evidence (3) Motion *397 for Reconsideration with Exhibits (4) Motion for Leave to Amend Petition & Complaint with Affidavits & Exhibits Respondent's determination of deficiencies in petitioner's income tax was explained in the notice of deficiency as follows: (a) It is determined that you received taxable compensation of $7,381.29 in the taxable year 1964, $3,519.00 in the taxable year 1965, $11,521.60 in the taxable year 1966, $18,600.00 in the taxable year 1967, $9,076.00 in the taxable year 1968 and $8,268.82 in the taxable year 1969 which was not reported on an income tax return for any of these taxable years. Accordingly, your taxable income is increased in the amount of $7,381.29 for the taxable year 1964, $3,519.00 for the taxable year 1965, $11,521.60 for the taxable year 1966, $18,600.00 for the taxable year 1967, $9,076.00 for the taxable year 1968 and $8,268.82 for the taxable year 1969. See Exhibit A for computation. (b) It is determined that a standard deduction of $500.00 is allowable for each of the taxable years 1964, 1966, 1967, 1968 and 1969 under the provisions of Section 141 of the Internal Revenue Code. Accordingly, your taxable income is decreased in the *398 amount of $500.00 for each of the taxable years 1964, 1966, 1967, 1968 and 1969. (c) It is determined that an exemption deduction of $3,600 is allowable for each of the taxable years 1964, 1966, 1967, 1968 and 1969 which was not claimed on an income tax return for any of these taxable years respectively. Accordingly, your taxable income is decreased in the amount of $3,600.00 for each of the taxable years 1964, 1966, 1967, 1968 and 1969. The items of taxable income for each of these years, as shown in "Exhibit A" attached to the notice of deficiency, consisted of the following: COMPUTATION OF INCOME - ROBERT G. MUNCASTEREXHIBIT A Computation for
Taxable Year Services Rendered Received From:
1964
1965
1966
1967
1968
1969
Calprop Corpora-
tion, El Segundo,
Calif.
$7,381.29
Shelton L. Pollack
Corporation, Los
Angeles, Calif.
3,519.00
3,721.60
Liles Construction
Company, Inc.,
Montgomery, Ala.
7,800.00
18,600.00
4,380.00
Arthur Joe Grant,
Architect,
Montgomery, Ala.
4,696.00
5,940.00
Blandheim & Williams,
Architects,
Montgomery, Ala.
1,890.00
Professional Engi-
neering Consult-
ants, Inc.,
Montgomery, Ala.
438.62
Total Compensation
$7,381.29
$3,519.00
$11,521.60
$18,600.00
$9,076.00
$8,268.62
*399 These items are the same items in the same amounts which petitioner was requested to admit he received in respondent's Requests for Admissions which we held to be deemed admitted in the trial of this case. The copies of checks which respondent introduced at the trial totaled the amounts and were drawn by the persons indicated as the persons from whom petitioner received the commissions set forth in "Exhibit A" attached to the notice of deficiency. In the computation of tax set forth in the notice of deficiency under the designation "Taxable Income or Adjusted Gross Income as shown in: [x] Return as Filed" the figures "$.00" appeared for each of the years 1964 through 1969. For the year 1965 the computation showed the amount of zero under the income tax computation, the tax liability of $190.03 shown for that year being in "self-employment tax." On the basis of this record, we find (1) that petitioner had taxable income in each of the years here in issue in the amounts as determined by respondent and (2) that petitioner filed no Federal income tax return for any one of the years here in issue. Initially, we might point out that, had respondent so moved, the Court would have *400 considered dismissal of this case for failure of petitioner to properly prosecute since when his motion for continuance was denied he refused to proceed with trial or introduce any evidence to establish the facts he had alleged in support of his assignments of errors to respondent's determination. However, respondent requested that the Court act on his Motion for Summary Judgment and the Court took the case under advisement on respondent's Motion for Summary Judgment. The Court views petitioner's assignment of error H which states "[that] the Commissioner of Internal Revenue and his agents errored in assessing a corrected adjusted gross income without a full factual basis or any factual basis at all and had no constitutional or statutory authority to do so" to be in effect an allegation of error in the determination as set forth in the statutory notice of deficiency. Assignments of error J and K may likewise be interpreted as allegations of error in the Commissioner's determination as set forth in the notice of deficiency. Not only has petitioner totally failed to show error in this determination of respondent but respondent, in fact, has shown through the admissions, which we *401 deemed admitted, facts to support his determination. Respondent has completely substantiated his determination of petitioner's gross income and petitioner has shown no facts to support any deductions from that gross income other than the standard deduction as allowed by respondent in his computation of petitioner's tax in each of the years here in issue. At the trial petitioner was urged by the Court to offer evidence of any business expenses or other items that might properly constitute deductions from the income as determined by respondent, but petitioner refused to offer any such evidence. We, therefore, hold that respondent properly determined petitioner's income and deductions and deficiencies in tax for the years here in issue. The remaining assignments of error by petitioner fall into the following categories: (1) That the United States Tax Court, as constituted, is unconstitutional and its actions are void. (Assignments of error B, C and L). (2) That under the Constitution taxpayers are entitled to a jury trial and the statutes creating the United States Tax Court are unconstitutional in that they deprive taxpayers of this right. (Assignment of error E). (3) The placing *402 of the burden of proof on petitioner is unconstitutional. (Assignment of error D). (4) That the assessment of any deficiency violates petitioner's constitutional rights in that it deprives him of due process of law, violates his right against self-incrimination under the Fifth Amendment, amounts to a Bill of Pains and Penalties or a Bill of Attainder and deprives him of his right to petition for regress of grievances. (Assignments of error G, I and M). (5) That the assessment being based upon fiat paper bank notes and bank credit not redeemable in "gold and silver coin" is erroneous and contrary to the Constitution of the United States. (Assignment of error F). Assignment of error "A" is not in substance an assignment of error but merely a statement that the petition in this case comes under the definition of a case or controversy. All of the alleged "assignments of error" raised by petitioner other than those dealing with the correctness of the amounts used in the deficiency notice in computing petitioner's taxable income are with respect to matters previously disposed of by this Court adverse to petitioner's contention. The United States Tax Court was established by Pub. *403 L. 91-172 (The Tax Reform Act of 1969) as an Article I Court with the jurisdiction conferred upon it by that Act and prior Revenue Laws. The exercise by the United States Tax Court of the jurisdiction conferred upon it by statute is not in violation of Article III of the Constitution of the United States.Burns, Stix Friedman & Co., Inc.,57 T.C. 392 (1971). In that case, the Court discussed in detail the reason for its conclusion that the United States Tax Court, as presently constituted, is a proper constitutional Court. On the basis of our holding in the Burns, Stix Friedman & Co., Inc. case, supra, we hold that there is no validity to petitioner's allegation that the United States Tax Court is "unconstitutional" and its acts "void." It is well settled, as we pointed out in Edward A. Cupp, 65 T.C. - (filed October 14, 1975), that there is no constitutional right to a jury trial in a suit involving a taxpayer's Federal tax liability. Where a taxpayer chooses to take advantage of the procedure of filing a petition in the Tax Court without payment of the tax, any deprivation of a jury trial is due to his own act. Rule 142 of the Rules of Practice and *404 Procedure of this Court places the burden of proof on the taxpayer except as otherwise provided by statute. This rule is in accordance with the long-standing holdings of numerous cases that the taxpayer has the burden to establish either the invalidity of the Commissioner's determination of deficiency or to show error in the adjustments made in that notice in order to overcome the presumption of correctness of the Commissioner's determination and that this requirement does not violate a taxpayer's rights under the Fifth Amendment. E. Jan Roberts,62 T.C. 834 (1974). In that case we stated in this respect at 835 and 838: * * * In most cases, if the Commissioner or a member of his staff determines that there is a deficiency in any tax, the petitioner then has the burden of proving such determination to be incorrect. Welch v. Helvering,290 U.S. 111 (1933); Burnet v. Houston,283 U.S. 223 (1931); Fuller v. Commissioner,313 F. 2d 73 (C.A. 6, 1963), affirming on this issue a Memorandum Opinion of this Court. However, if the petitioner can show that the determination by the Commissioner was arbitrary and unreasonable, *405 the burden of proof is shifted to the Commissioner. Helvering v. Taylor,293 U.S. 507 (1935). * * *
The petitioner's assertion of an apparently baseless claim of the fifth amendment does not shift the burden of proof to the Commissioner and afford the petitioner a procedural windfall. MarkoDurovic,supra; see Arthur Figueiredo,54 T.C. 1508, 1512-1513 (1970). * * * See also Rockwell v. Commissioner,512 F. 2d 882 (9th Cir. 1975), affirming a Memorandum Opinion of this Court. The other assignments of error of petitioner were disposed of by this Court in the case of Edward A. Cupp,supra. In that case, under facts similar to those here present, we held that requiring a taxpayer to file a Federal income tax return and the determination of a deficiency by respondent when no such return is filed do not violate the taxpayer's rights against self-incrimination under the Fifth Amendment to the Constitution or deprive the taxpayer of due process of law. We also, in that case, held that there is no merit to the taxpayer's contention that gold and silver coins are the only legal tender in this country and the *406 only proper dollars on which to base an income tax deficiency. In that case we also held an argument under the First Amendment to the Constitution comparable to the allegation of error by petitioner in this case to be without merit. On the basis of our discussion in Edward A. Cupp,supra, we hold that petitioner's allegations of error in this case with respect to his constitutional rights and the only legal tender being "gold and silver coins" are without merit. Although not specifically raised by petitioner in his petition, at the hearing petitioner contended that section 6020(b)(1) requires the respondent to file a return for him where he has filed no return before respondent may properly issue a statutory notice of deficiency. It is not clear whether petitioner here concedes that he in fact filed no returns for any of the years in issue. Petitioner did point out that on November 5, 1971, in the United States District Court for the Southern Division of the Northern District of Alabama he was convicted in a jury trial upon a plea of not guilty of willfully and knowingly failing to file a Federal income tax return for each of the calendar years 1966, 1967 and 1968, and that *407 he was sentenced to imprisonment upon this conviction. He stated that his alleged returns for the years 1964, 1965 and 1969 were substantially the same as those for 1966, 1967 and 1968. Petitioner apparently recognizes that this conviction establishes his failure to file Federal income tax returns for the years here in issue. In any event, the evidence here clearly shows that the documents filed by petitioner in this case were not income tax returns within the meaning of the statute. Edward A. Cupp,supra.
In Raymond M. Hartman, 65 T.C. (filed December 15, 1975), we held on facts substantially the same as those in the instant case that the filing by the Commissioner or his agent of a return on behalf of a taxpayer under the provisions of section 6020(b) is not a prerequisite to the proper determination of deficiency by the Commissioner and the fact that no such return has been made and filed on behalf of the taxpayer by the Commissioner or his agent does not render invalid the Commissioner's determination of a deficiency. In that case, we also pointed out that section 6211(a) does not require that a return be made either by the taxpayer or the Commissioner before *408 a deficiency in the taxpayer's income tax may be properly determined by the Commissioner. For the reasons set forth in that case, we conclude here, as we did there, "that the failure of either the petitioner or the respondent to file returns does not render invalid the deficiency notice herein." Respondent's Motion for a Summary Judgment will be granted. Decision will be entered for the respondent.
Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩