MARK L. TRIPLETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Triplett v. Commissioner
Docket No. 8078-74.
United States Tax Court
T.C. Memo 1976-402; 1976 Tax Ct. Memo LEXIS 3; 35 T.C.M. (CCH) 1815; T.C.M. (RIA) 760402; December 30, 1976, Filed *3 Petitioner refused to offer evidence to substantiate deductions, exemptions, and filing status claimed on his return and disallowed by respondent on the ground that to be required to do so would violate his Fifth Amendment and other constitutional rights. Held, since petitioner failed to carry his burden proving error in respondent's determination, the determined deficiencies are sustained. Mark L. Triplett, pro se. James L. Norris, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1972 in the amount of $1,189.18. The issue to be decided is whether petitioner's reliance upon his constitutional rights alleviates the necessity for him to prove the deductions claimed on his 1972 income tax return. All of the facts have been stipulated and are so found. The stipulation, together with the exhibits attached, are incorporated herein by this reference. Petitioner, at the time of filing the petition herein, resided at Green River, Wyo. Petitioner filed a U.S. Individual Income Tax return claiming head-of-household status for the year 1972 with the Director, Western Region Service Center, Ogden, Utah. *4 On that return, petitioner claimed two dependency exemptions for children who allegedly lived with him, a deduction in computing adjusted gross income in the amount of $2,080 as employee business expenses, and also certain itemized deductions in the aggregate amount of $3,368. Petitioner's return was selected for audit by the Internal Revenue Service and pursuant thereto petitioner was requested to submit appropriate evidence to support the exemptions and deductions claimed and the filling status reported on said return. Petitioner refused to submit any records or provide any information with regard to his 1972 return on the grounds that to do so would violate rights guaranteed him under the Fourth and Fifth Amendments to the U.S. Constitution. In spite of several requests for and opportunities to provide data needed for substantiation, petitioner has refused and continues to refuse to supply any information relying upon his constitutional rights. For the stated reasons that petitioner had not established entitlement to any of the deductions or the dependency exemptions claimed on the return or that he was entitled to claim head-of-household filing status for said return, respondent *5 disallowed all of the deductions and dependency exemptions, and changed petitioner's filing status to that of a single individual, and computed his tax liability accordingly. [1]
It is well established law that a deficiency determined by the Commissioner is presumed correct and that the taxpayer has the burden of proving such determination to be erroneous. Welch v. Helvering,290 U.S. 111 (1933); Burnet v. Houston,283 U.S. 223 (1931); E. Jan Roberts,62 T.C. 834 (1974); Arthur Figueiredo,54 T.C. 1508 (1970). Equally well entrenched is the rule of tax law that deductions are a matter of legislative grace and entitlement thereto must be proved by the taxpayer. Interstate Transit Lines v. Commissioner,319 U.S. 590 (1943); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Petitioner claimed numerous deductions, several dependency exemptions, and head-of-household filing status on his income tax return for 1972. However, when called upon by the respondent to substantiate the items claimed on his return so that respondent could ascertain the correctness of said return *6 (see sec. 7602, I.R.C. 1954), [2] petitioner refused on the grounds that to do so would violate his rights guaranteed him under the Fourth and Fifth Amendments to the U.S. Constitution. At the call of this case for trial petitioner was advised that he had the burden of proving error in respondent's determination and in the absence of evidence to prove such error the Court would have to approve respondent's determination of deficiency in tax. However, petitioner offered no evidence to supplement the very meager stipulation of facts on which the case was submitted to the Court. We have examined the documents which petitioner, over respondent's objection as to materiality and relevance, attached to the stipulation of facts and have given such consideration to them as warranted but find most of them to be immaterial, irrelevant, incompetent, and inadmissible as evidence in this case. The stipulation of facts contains no facts which support petitioner's claimed deductions, exemptions, and filing status; and petitioner having presented no evidence to prove the propriety of the deductions, *7 exemptions, and filing status claimed, we have no alternative but to sustain the respondent's determination. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,supra;E. Jan Roberts,supra;Arthur Figueiredo,supra;Edward A. Cupp,65 T.C. 68, on appeal (C.A. 3, July 26, 1976). On brief petitioner contends that imposing of the burden of proof upon him violates the fundamental concept of American jurisprudence that all men are presumed innocent until proven guilty and consequently is in contravention of the Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments to the U.S. Constitution. However, it appears that petitioner's real claim is that forcing him to prove his claimed deductions would violate his Fifth Amendment privilege against self-incrimination. The only purpose of this case is to determine the existence of an alleged Federal tax liability, a proceeding civil in nature. The presumption of innocence applicable in criminal cases and the several constitutional provisions petitioner relies upon are clearly not applicable herein. [3] Aside from petitioner's argument with respect to the Fifth Amendment privilege against self-incrimination, petitioner's *8 contentions are wholly without merit and do not warrant further discussion. [4] With respect to the Fifth amendment privilege petitioner has failed completely to establish the requisite reasonable basis for apprehension of the hazards of incrimination. See Raymond J. Ryan, 67 T.C. (Nov. 15, 1976), and cases cited therein. Petitioner further asserts that his refusal to produce records of substantiation is not due to fear of self-incrimination but rather to exercise of his constitutional rights in order to strengthen the U.S. Constitution. In this connection, petitioner requests, if his "Motion for Judgment of Acquittal" requested on brief is denied, that he be granted the alternative relief of ample time to substantiate the controverted claims. The privilege against self-incrimination does not apply in a civil tax proceeding where the *9 possibility of future criminal prosecution is remote or unlikely and thus does not modify the statutory duties of all taxpayers to keep substantiating records (see sec. 6001) and to permit agents of the respondent to examine the records (see sec. 7602). [5]E. Jan Roberts,supra, and cases cited therein. See also Arthur Figueiredo,supra; nor does placing the burden of proof on petitioner constitute a violation of his constitutional rights. E. Jan Roberts,supra.
Petitioner has had ample opportunity, both before the Internal Revenue Service and in this Court, to substantiate his claims with evidence and was made aware of the fact that his last opportunity to produce such evidence was at the trial of this case in this Court. Petitioner's alternative request on brief that he be given additional time to substantiate his claims is denied. See E. Jan Roberts,supra; *10 Arthur Figueiredo,supra.
Consequently, Decision will be entered for the respondent. Footnotes
1. Respondent computed petitioner's liability utilizing the standard deduction provided under sec. 141, I.R.C. 1954↩.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
3. See Raymond M. Hartman,65 T.C. 542, 547 (1975); see also Edward A. Cupp,65 T.C. 68↩ (1975), on appeal (C.A. 3, July 26, 1976). 4. Petitioner broadly asserts that the burden of proof rule constitutes an infringement upon his constitutional rights but does not, and indeed cannot, demonstrate how such infringement occurs. See Raymond M. Hartman,supra.↩
5. It should be noted that although petitioner frames his arguments in terms of compulsion to produce records, petitioner has not been compelled to produce records. Respondent did issue a summons for petitioner's records, pursuant to sec. 7602(2)↩, but did not seek to enforce said summons under sec. 7604 after petitioner refused to comply.