MURRAY C. WATSON, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watson v. Commissioner
Docket No. 3093-76.
United States Tax Court
T.C. Memo 1977-298; 1977 Tax Ct. Memo LEXIS 143; 36 T.C.M. (CCH) 1183; T.C.M. (RIA) 770298; September 6, 1977, Filed Murray C. Watson, Jr., pro se. John D. Moats, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions *144 to tax as follows: Additions to Tax Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
1971
$14,858.39
$3,714.60
$742.92
$ 148.58
1972
7,165.50
1,791.38
358.28
71.65
1973
18,707.66
4,676.92
935.38
187.07
The deficiencies are the result of respondent's determination of petitioner's income during the years in issue based on his examination of petitioner's bank records. FINDINGS OF FACT Petitioner resided in Casper, Wyoming, at the time of filing his petition herein. Petitioner appeared at the trial of this case, but refused to present any evidence concerning his taxable income for 1971 through 1973 despite the ample opportunity the Court provided him to do so. Petitioner filed an incomplete Form 1040 for 1971 on which he merely listed wages of "Approx. $1800.00" and claimed exemptions of $2,250. OPINION While petitioner did not present any evidence at trial relative to the amount of his income or deductions for the years in issue, he did raise a number of legal issues and a variety of constitutional claims in support of his position that he is not liable for any of the deficiencies or additions to tax asserted by *145 respondent. Briefly stated, petitioner maintains (although his position is not entirely clear), that: [1] (1) Paper money issued by the Federal Government does not represent taxable income because it is not convertible into gold or silver; (2) Respondent's reconstruction of petitioner's income through examination of petitioner's bank records was an arbitrary determination and constitutes an illegal search and seizure which violated his rights under the Fourth, Fifth, and other amendments to the Constitution; (3) Requiring him to present evidence to refute respondent's determination violates his Fifth Amendment privilege against self-incrimination; (4) He is entitled to a jury trial in this Court with respect to the asserted deficiencies and additions thereto, (5) Assessment of the deficiency and additions to tax for 1971 is barred by the statute of limitations; (6) Respondent has not established that petitioner is liable for the additions to tax under sections 6651(a), 6653(a), and 6654(a). [2] We will address each of these contentions in turn. *146 First, the convertibility of paper money into gold or silver is irrelevant for purposes of computing petitioner's taxable income. Gajewski v. Commissioner,67 T.C. 181 (1976), on appeal (8th Cir. May 23, 1977). With respect to petitioner's second argument, the bank records involved were the property of the bank, not petitioner. Absent a proprietary interest in such records or any compulsion against petitioner to produce them, his constitutional rights were not violated by respondent simply obtaining possession of the records from the bank. Donaldson v. United States,400 U.S. 517 (1971); Couch v. United States,409 U.S. 322 (1973). See Fisher v. United States,425 U.S. 391 (1976); United States v. Continental Bank & Trust Company,503 F.2d 45 (10th Cir. 1974). Nor is a court order a prerequisite for respondent to make such an examination. Section 7602. Furthermore, petitioner's failure to offer any evidence in this case precludes our finding that respondent's determination was arbitrary. [3] See Helvering v. Taylor,293 U.S. 507 (1935); Human Engineering Institute v. Commissioner,61 T.C. 61 (1973). *147 We likewise find petitioner's reliance on the Fifth Amendment as a basis for his refusal to present any evidence in this case to be misplaced. Petitioner has not indicated to the Court any reason to believe that a criminal investigation is presently underway or even a remote possibility. Therefore, petitioner's privilege against self-incrimination is not violated by placement of the burden of proof on him. Roberts v. Commissioner,62 T.C. 834 (1974). See Rogers v. Commissioner,340 U.S. 367 (1951); Figueiredo v. Commissioner,54 T.C. 1508 (1970), affd. per order (9th Cir. Mar. 14, 1973). Nor does petitioner have a Seventh Amendment right to a jury trial in this Court. Swanson v. Commissioner,65 T.C. 1180 (1976); *148 Cupp v. Commissioner,65 T.C. 68 (1975), affd.     F.2d     (3d Cir. 1977). Petitioner's last two arguments are also unpersuasive. Although petitioner filed a Form 1040 for 1971, it contained insufficient information relating to his income from which a tax could be computed. Hence, the document filed was not a "return" within the meaning of section 6501 which would start the period of limitation. United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); see John D. Alkire Inv. Co. v. Nicholas,114 F.2d 607 (10th Cir. 1940). Finally, with respect to the additions to tax, petitioner has the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure; Fischer v. Commissioner,50 T.C. 164, 177 (1968); Courtney v. Commissioner,28 T.C. 658, 669 (1957). See Estate of Ruben v. Commissioner,33 T.C. 1071 (1960). In view of the petitioner's inability to demonstrate any reason, constitutional or otherwise, which would relieve him of his normal burden of proof, the invalidity of petitioner's other legal arguments, and his failure *149 to present any evidence at trial, we sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. The additional arguments and claims asserted by petitioner but not addressed in this opinion are rejected without comment. ↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. The law is well settled that respondent is entitled to use other reasonable methods of determining a taxpayer's income where the taxpayer either has inadequate records or does not make his books and records available for audit. Holland v. United States,348 U.S. 121 (1954); and Gordon v. Commissioner,63 T.C. 51, 78↩ (1974), on appeal (9th Cir. June 10, 1975).