ROBERT MITCHELL AND CAROL MITCHELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mitchell v. Commissioner
Docket Nos. 5567-78, 5569-78.
United States Tax Court
T.C. Memo 1979-207; 1979 Tax Ct. Memo LEXIS 316; 38 T.C.M. (CCH) 854; T.C.M. (RIA) 79207; May 24, 1979, Filed Robert Mitchell and Carol Mitchell, pro se. David W. Johnson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: These consolidated cases are before the Court on respondent's "Motion For Summary Judgment" filed March 12, 1979, pursuant to Rule 121, Tax Court Rules of Practice and Procedure. Concurrently, petitioners have, in effect, moved for summary judgment [1] asserting constitutional and legal tender grounds. *318 Respondent determined the following deficiencies in petitioners' Federal income taxes: Robert Mitchell Dkt. No. 5567-78
Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a) [2]
1974
$476.00
$119.00
$ 23.80
1975
522.00
130.50
26.10
Carol Mitchell Dkt. No. 5569-78
Additions to Tax
Sec. 6653(a)
Year
Deficiency
Sec. 6651(a)
1974
$476.00
$119.00
$ 23.80
1975
522.00
130.50
26.10
Petitioners are husband and wife who were residents of Hico, Texas, when they filed their separate petitions in these cases. They filed "returns" on Forms 1040 for each of the years 1974 and 1975 but disclosed thereon no information relating to their income or deductions. Respondent determined the deficiencies for 1974 and 1975 based on each petitioner's share of their total community property income which was earned exclusively from wages. On January 24, 1979, the Court granted respondent leave to file a motion for an order to show cause why certain proposed facts should not be accepted *319 as established pursuant to Rule 91(f), Tax Court Rules of Practice and Procedure. After a hearing on the matter, the Court's order dated February 28, 1979, deemed certain facts set forth in respondent's proposed stipulation as established for the purposes of these cases. Petitioners received wages from the following sources during the years in issue: Robert Mitchell
1974
1975
Hico City Hospital
Hico, Texas
$5,120.80
$5,909.06
Hafer and Dayton
Hico Clinic
0
120.09
Carol Mitchell
Gibbs Manufacturing Co.
Cranfills Gap, Texas
$3,297.68
$3,920.01
Hico City Hospital
Hico, Texas
122.40
0
Total
$8,540.88
$9,949.16
Under the community property laws of Texas each petitioner's share of the gross income was $4,270.44 in 1974 and $4,974.58 in 1975. Petitioners did not have any itemized deductible losses or expenses, the aggregate of which would exceed the amount of the standard deduction, for the years 1974 and 1975. They also did not have any business losses or expenses for those years. The petitioners have not shown that they are entitled to any dependency exemptions for such years. Petitioners first assert that respondent has not stated *320 a claim upon which relief can be granted. Such an argument is fallacious. Petitioners, not respondent, invoked our jurisdiction by filing petitions. Section 6213(a). A petition must contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" as well as clear and concise lettered statements of the facts on which the petitioner bases the assignments of error. Rule 34(a) and (b), Tax Court Rules of Practice and Procedure. Ordinarily, it is the failure of a petitioner to state a claim for relief, i.e., to provide allegations necessary to support a determination that no deficiency exists, which might lead to a dismissal of the petition. Respondent, on the other hand, is statutorily empowered to (1) determine a deficiency and (2) institute certain procedures necessary to collect the deficiency. Sections 6212, 6213(b) through (e), and 6301 through 6305. In the instant cases respondent determined that the petitioners owed additional taxes [3] and has clearly stated, in his deficiency notices, the basis for such adjustments to petitioners' taxes. *321 Petitioners contend that they are properly entitled to claim the Fifth Amendment privilege against self-incrimination with respect to the reporting of income and deductions on their Federal income tax returns and as a complete bar to the deficiency determination. These arguments are without merit. On numerous occasions this Court has held that the Fifth Amendment privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely. Wilkinson v. Commissioner,71 T.C. 633 (1979); Roberts v. Commissioner,62 T.C. 834, 838(1974); Figueiredo v. Commissioner,54 T.C. 1508, 1512 (1970). Petitioners have indicated that they do not believe they are subject to any potential criminal prosecution with respect to their income and the respondent has indicated that no criminal prosecution is contemplated. In fact, petitioners are only asked to pay a deficiency based in whole on a failure to report wages earned at their places of employment.They have an obligation to report all income from whatever source derived. Sections 6001, 6011 and 6012. Petitioners have alleged that respondent failed *322 to consider various business expenses. However, when offered an opportunity to come forward and testify with respect to such expenses, petitioners claimed their Fifth Amendment privilege. Deductions are a matter of legislative grace. New Colonial Ice Co., Inc. v. Helvering,292 U.S. 435, 440 (1934). Respondent's determination is prima facie correct and the burden of proof rests with petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Since the petitioners have presented no evidence to show that they are entitled to additional deductions, we must sustain the respondent's determination. We likewise sustain the additions to tax under sections 6651(a) and 6653(a).
Finally, petitioners contend that the salaries they received were paid in Federal Reserve notes, which in their view are not taxable at face value. This argument is totally without merit. In Hatfield v. Commissioner,68 T.C. 895, 897 (1977), we stated that: The courts have uniformly held that Federal Reserve notes constitute legal tender--"money"--which must be reported on a taxpayer's return in accordance with *323 his method of accounting; and they have uniformly rejected, in a summary fashion, all arguments to the contrary….
See also Sibla v. Commissioner,68 T.C. 422, 430-431(1977); Gajewski v. Commissioner,67 T.C. 181, 193-194(1976), affd. without opinion 578 F.2d 1383 (8th Cir. 1978); Hartman v. Commissioner,65 T.C. 542, 547 (1975); Cupp v. Commissioner,65 T.C. 68, 84 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). Accordingly, we will deny the petitioners' motion for summary judgment and grant the respondent's motion for summary judgment. Appropriate Orders and Decisions will be entered.
Footnotes
1. Petitioners initially filed with this Court a document captioned as a "Motion to Dismiss" in the United States District Court for the Southern District of Texas. Although not denominated as a motion for summary judgment, we have determined that the purpose of petitioners' "Motion to Dismiss" is to obtain a decision in their favor on the grounds that (1) the Fifth Amendment↩ is a complete bar to respondent's deficiency and (2) that respondent has failed to state a claim upon which relief can be granted. Petitioners asserted at the hearing that the Federal Reserve notes used to pay their salaries do not constitute legal tender and are therefore not taxable.
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩
3. Respondent has also determined additions to tax under sections 6651(a) and 6653(a) against both petitioners.↩