## ROUSS v. BOWERS.

Circuit Court of Appeals, Second Circuit. February 4, 1929.

No. 149.

Pierce & Greer, of New York City (F. C. Nicodemus, Jr., of New York City, and J. S. Y. Ivins, of Washington, D. C., of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Edward Feldman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). ▮ The appellant was engaged in trade or business up to May 13, 1918. Any net income resulting from his trading the Revenue Act of 1918 taxes to him. 40 Stat. 1057. Of course, the seller of a business may by contract require the purchaser to reimburse him for the income tax he may be obliged to pay on account of earnings of the business prior to the sale, but he cannot by contract escape the tax. See Mitchel v. Bowers (C. C. A. 2) 15 F. (2d) 287.

▮ The appellant's contention seems to be that any earnings of the business during his period of ownership in 1918 were "unliquidated, potential profits," and were never income realized by him. The fallacy of this position is due to a misapprehension of what constitutes the receipt of income for tax purposes. When a trader keeps books on an accrual basis, the price of a sale of goods is treated as received when the account receivable is acquired, though not yet collected, and liabilities incurred are treated as outgo, though not yet paid; the receivables and liabilities are forthwith entered on the books and the bookkeeping entries are considered for tax purposes as the equivalent of actual receipts and disbursements. See United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. Hence, on any date it is possible to determine the gain derived from the business up to that date by making a computation, whether the books be kept on a cash basis or an accrual basis. To make such computation on an accrual basis, an inventory or appraisal of the materials on hand is necessary, but taking the inventory does not cause the gain then for the first time to accrue; it has already accrued, and the taking of the inventory is merely a step in the method of computation. Each day's accrued gain has become the trader's income, subject to tax, unless offset by subsequent losses during the taxable period. Consequently, if a computation on May 13 would have shown net earnings from the business, it was Rouss' income and taxable only to him.

▮ Since he did not report his income, the Commissioner may determine it under the authority of section 212(b) of the Revenue Act of 1918. He did so by taking a proportionate part of the entire year's earnings. Though perhaps not the most accurate possible way to get at it, the method adopted does not appear to us obviously unreasonable and arbitrary, as the appellant contends. The defendant argues that this contention cannot be raised, in view of the taxpayer's statement on the record:

"Mr. Ivins: The record may show that the plaintiff does not question the Commissioner's mathematics; that if the Commissioner is right in attributing any part of the income of the business of the Charles Broadway Rouss store for the year 1918 to this

plaintiff, the amount so attributed is not questioned."

But, assuming the question is still open, and assuming, also, that the Commissioner's method was arbitrary, this cannot avail the appellant, in the absence of any showing that it resulted in an erroneous assessment. Prima facie an assessment by the Commissioner is correct. United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131; Rieck v. Heiner (C. C. A. 3) 25 F.(2d) 453. And the taxpayer has the burden of proving the invalidity of the tax he seeks to recover. United States v. Anderson, supra; Botany Worsted Mills v. United States (Jan. 2, 1929) 49 S. Ct. 129, 73 L. Ed. ——. These rules apply, not only when the Commissioner makes his finding of income from an inspection of the taxpayer's books, but also when he uses another method after determining that the books do not clearly reflect the income. Bishoff v. Commissioner (C. C. A. 3) 27 F.(2d) 91. Were it otherwise, taxes could be evaded merely by keeping books badly, or not at all. The appellant made no attempt to prove that his income from the business was less than the Commissioner's assessment.

The judgment for defendant is affirmed.