**ZIMBALIST v. ANDERSON, Collector of Internal Revenue.**

No. 104.

Circuit Court of Appeals, Second Circuit.
February 3, 1930.

Mark Eisner, of New York City (Ferdinand Tannenbaum, of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. Plaintiff sued to recover $6,700 paid as excess profits taxes for the taxable year 1917. The case was tried without a jury upon the following agreed facts:

Plaintiff, by profession a singer of distinction, was actively engaged in the exercise of her profession throughout the year 1917, as well as for several years prior thereto, singing in concerts and recitals, and pursuant to a contract entered into in 1915, making records for the Victor Talking Machine Company. In her fairly frequent concerts and recitals during 1917, she sang many songs theretofore recorded for the Victor Company, and sold both wholesale and retail before, as well as during, 1917.

In 1917, plaintiff received from the Victor Company $100,309.80, which included $76,806.25 from the sale in 1917 of duplicates of master records made by her before that year.

Plaintiff's accounts and income returns were kept on a cash receipts and disbursements basis. Under the 1915 contract, she was obligated to sing for the Victor Company, prior to December 10, 1925, not less than 50 records, and was to receive on the sale of the duplicate records 10 per cent. of the retail price of each record, with certain exceptions. The contract further provided that "she will not, at any time during the period of this agreement, make or permit to be made a record of her voice or a sound record of any kind whatsoever for any person, party or concern other than the Victor Company."

In addition to imposing income tax, the Revenue Act of October 3, 1917 (40 Stat. 300), places a war excess profits tax upon trades and businesses, including professions and occupations. Section 209 of that Act (40 Stat. 307) provided:

"That in the case of a trade or business having no invested capital * * * there shall be levied, assessed, collected and paid * * * a tax equivalent to eight per centum of the net income of such trade or business. * * *"

Article 8 of Regulations 41, promulgated by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, provided as follows:

"In the case of an individual the terms 'trade, business, and trade or business' comprehend all his activities for gain, profit or livelihood entered into with sufficient frequency or occupying such portion of his time or attention as to constitute a vocation, including occupations and professions. * * * In the following cases the gain or income is not subject to excess profits tax: * * * (b) The income from property arising merely from its ownership including interests, rent and similar income from investments, except in those cases in which the management of such investments really constitutes a trade or a business."

All royalties received by the plaintiff in 1917 concededly are taxable as income. The

sole issue is whether or not under the Act of October 3, 1917 (40 Stat. 300), retroactively effective as of January 1, 1917, those royalties received by her in 1917, on sales in 1917 of duplicates of records made by her prior thereto, are taxable as 1917 trade profits.

The District Judge dismissed the complaint, on the grounds that neither the statute nor the regulations required that the income must have been earned during 1917, but that mere receipt during that year sufficed, and that the royalties received during 1917 depended in considerable part upon her professional activity during that year.

Plaintiff contends: (1) That section 209 levies a tax only upon income earned during the taxable year, and that the stipulated royalties received by her were not in any part earned during 1917; (2) that the right to royalties on master discs made prior to January 1, 1917, was a property right on that day, and therefore that income therefrom was not subject to the excess profits tax under the law, and was expressly exempted by the departmental regulations.

█ 1. We pass the question whether the tax imposed by section 209 is limited to income earned during that year, or includes income received during that year, but earned in previous years, in pursuit of a trade or profession, for in our opinion the evidence sufficed for the court's finding that the royalties received by plaintiff during 1917 were in fact earned in considerable part during that year.

As plaintiff clearly was pursuing her profession during that year, she had the burden of showing that the "net income" therefrom did not include these royalties. Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; Rouss v. Bowers, 30 F.(2d) 628 (C. C. A. 2d). That she has failed to do. Her continued concert work may have had a very marked effect upon her royalties for 1917. The more she gained the popular favor, the greater would normally be the demand both for her new and for her old records; and every item of publicity she received for her work done in 1917 would normally have some bearing upon the sale of these records in that year. In addition, her contract with the Victor Company specifically required that she refrain from making records for any other company. The extent to which her fulfillment in 1917 of this obligation increased her Victor royalties is not apparent, but again plaintiff has failed to show that performance of her covenant did not contribute thereto or to what extent it did so contribute.

█ 2. Plaintiff insists, however, that her royalties were "income from property arising merely from its ownership," within article 8 of Regulations 42. The argument finds some support in the fact that, had plaintiff's voice failed on December 31, 1916, and had she been inactive during the taxable year, the royalties would have continued, or, had she died on that date, payment thereof by the express terms of the contract would have been due to her estate. But in this respect, too, plaintiff has failed to sustain the burden cast upon her. The total royalties to be paid each year were not fixed by the contract, but were contingent, in that they were dependent upon the sales during the taxable year, and, as she had not retired or died, these in turn would ordinarily be affected, as heretofore stated, by her professional activity during that period. In Woods v. Lewellyn (D. C.) 289 F. 498, the court found it unnecessary to decide a similar question, inasmuch as it held that moneys earned merely incidentally were not earned in the business in which the court found the plaintiff to have been engaged during the taxable year. If, in the case at bar, it could have and had been proved that some definite amount or percentage of these royalties would have been received, irrespective of whether plaintiff continued to sing, some recovery might have been awarded; this, however, was not done. On the record before us, we must affirm the judgment.

Judgment affirmed.