ARTHUR FIGUEIREDO AND PATRICIA FIGUEIREDO, PETITIONERS *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

GEORGE MCMURRICK AND SHERI ANN MCMURRICK, PETITIONERS *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2120–69, 2122–69. Filed July 16, 1970.

Arthur Figueiredo and George McMurrick, pro se.
*Harry Morton Asch* and *John Gigounas*, for the respondent.

---

1510

OPINION

The petitions in these proceedings do not allege specific errors in the notices of deficiency. Instead, the Figueiredo petition alleges, among other things, that respondent determined "excessive and arbitrary" deficiencies as a subterfuge "to defeat the Petitioner's determination not to permit the Respondant [sic] to force them to co-operate by testifying to what they feel might tend to incriminate themselves in what the Petitioners allege to be a criminal investigation in the guise of a civil investigation." Following further allegations in the same vein, the petition concludes with a prayer "that this Court will hear this proceeding and determine that the deficiency notice is untimely, unrational, and arbitrarily found, and cannot be enforced at this time under the circumstances herein disclosed." Although cast in somewhat different language, the McMurrick petition is basically similar.

The trial was handled pro se and petitioners' position has not been clearly articulated. However, petitioners apparently contend that the self-incrimination provisions of the fifth amendment to the United States Constitution justify their refusal to show their books and records to the revenue agent and that, since their records have not been examined by the revenue agents, respondent's determinations are arbitrary and invalid.

The statutory provisions requiring taxpayers to keep records and authorizing agents of the Internal Revenue Service to examine them are quite specific. Section 6001 provides that "Every person liable for any tax imposed by this title [which includes the income tax], or for the collection thereof, shall keep such records, render such statements, make such returns and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe." Pursuant to this statutory provision the following regulation has been issued:

Sec. 1.6001–1 Records.

(a) *In general.* * * * any person required to file a return of information with respect to income, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information.

Section 7602 provides, in part, as follows:

For the purpose of ascertaining the correctness of any return, * * * determining the liability of any person for any internal revenue tax * * * or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

We need not attempt here to define precisely the circumstances in which the fifth amendment provisions against self-incrimination qualify these statutory duties to file returns, to keep records substantiating the returns, and to permit agents to examine the records. See, e.g., *Grosso* v. *United States*, 390 U.S. 62 (1968); *Marchetti* v. *United States*, 390 U.S. 39 (1968); *Shapiro* v. *United States*, 335 U.S. 1 (1948); and *United States* v. *Sullivan*, 274 U.S. 259 (1927). It is sufficient to point out that at the time the revenue agent sought to examine petitioners' books and records, in late 1968, he was engaged only in the verification of petitioners' civil tax liability. Respondent's attorneys advised petitioners in open court that McMurrick never has been the subject of a criminal investigation and, further, that although Figueiredo's case was referred to a special agent for investigation on August 8, 1969, after the notice of deficiency was issued, the investigation was closed on December 10, 1969, long before the date of the trial. Petitioners offered no evidence to the contrary. Nevertheless, even to the date of trial, they persisted in their refusal to produce their books and records or otherwise to cooperate with the revenue agent or attorneys for respondent in an effort to verify the correctness of their partnership and individual returns. Petitioners' apparently baseless claim of the protection of the self-incrimination provisions of the fifth amendment cannot stand in the way of a determination of their civil tax liability. Cf. *United States* v. *First National Bank of Pikeville*, 274 F. Supp. 283 (E.D. Ky. 1967), affirmed per curiam sub nom. *Justice* v. *United States*, 390 U.S. 199 (1968); *Wild* v. *United States*, 362 F. 2d 206 (C.A. 9, 1966).

The cases must be decided on the basis of the burden of proof.[4] *Joseph A. Indelicato*, 42 T.C. 686 (1964). The notices of deficiency are unmistakably clear in listing the deductions which were disallowed in whole or in part. Respondent's determinations were prima facie correct and the burden of proof rested with petitioners. Rule 32 of the Rules of Practice of this Court; *Welch* v. *Helvering*, 290 U.S. 111 (1933). They offered no evidence whatever to show that the respondent erred; therefore, the deficiencies must be sustained. See, e.g., *Helvering* v. *Taylor*, 293 U.S. 507 (1935); *Manuel D. Mayerson*, 47 T.C. 340, 348–

---

[4] Respondent's motion to dismiss for failure of petitioners to properly prosecute the petition is denied. Having decided the merits of the case on the foreging basis, we express no opinion as to whether such a motion should be granted. We note, however, that where, as in this case, a taxpayer invokes the jurisdiction of a court, but refuses to produce books and records pertinent to the issues involved, there is a growing body of law indicating that such a motion will lie. Cf. *Kisting* v. *Westchester Fire Insurance Co.*, 290 F. Supp. 141 (W.D. Wis. 1968); *Wilson* v. *United States*, an unreported case (M.D. Tenn. 1965, 16 A.F.T.R. 2d 5608, 65–2 U.S.T.C. par. 9636).

349 (1966) ; *Estate of Peter Finder*, 37 T.C. 411, 423 (1961) ; *Standard Oil Co.*, 43 B.T.A. 973, 998 (1941), affd. 129 F. 2d 363 (C.A. 7, 1942).

There is no merit in petitioners' contentions that the deficiency notices were arbitrary and capricious, because not based on an examination of their books and records, and that the burden of proof therefore rested with respondent. Since petitioners did not show that the determined deficiencies were excessive, the burden of proof remained with them. *Helvering* v. *Taylor, supra; Rouss* v. *Bowers*, 30 F. 2d 628 (C.A. 2, 1929), certiorari denied 279 U.S. 853 (1929). There is no evidence of any kind to support petitioners' allegation that the notices of deficiency were a "subterfuge" to compel them to disclose their records in violation of their constitutional rights. In any event, it has been observed that "The propriety of the motives of the Commissioner in giving the notice of deficiency is immaterial." *Crowther* v. *Commissioner*, 269 F. 2d 292, 293 (C.A. 9, 1959), affirming on this point 28 T.C. 1293 (1957) ; *Philip F. Flynn*, 40 T.C. 770 (1963).

Nor do we know of any rule of law which requires the Internal Revenue Service to seek a court order under section 7604 [5] to compel the production of withheld records as a condition to the disallowance of claimed deductions for lack of substantiation. Moreover, we are not satisfied that petitioners' reason for withholding their records was to obtain court review of the propriety of the summonses served on them. It is true that Figueiredo repeatedly asserted that "if [the revenue agent] wanted to see my books and records he could have done so by obtaining a court order." The facts are, however, that subpoenas duces tecum of this Court were served on both petitioners and they persisted, nevertheless, in their refusal to comply.

If the determined deficiencies are excessive, it is the petitioners who prevented a more accurate determination. In these circumstances, they do not have a just ground for complaint. *Marko Durovic*, 54 T.C. 1364 (1970) ; see also *Rouss* v. *Bowers, supra*.

We are compelled to sustain the deficiencies, as well as the additions to the tax.

*Decisions will be entered for the respondent.*

---

[5] Sec. 7604(a) is as follows :

(a) JURISDICTION OF DISTRICT COURT.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.