ROBERT M. WARNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warner v. Commissioner
Docket No. 7480-77.
United States Tax Court
T.C. Memo 1979-236; 1979 Tax Ct. Memo LEXIS 289; 38 T.C.M. (CCH) 938; T.C.M. (RIA) 79236; June 18, 1979, Filed *289 Held, the Commissioner's deficiency determination is sustained. Robert M. Warner, pro se. Steven S. Brown, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $1,861.20 in the petitioner's Federal income tax for 1973. The only issue for decision is whether the petitioner is liable for a deficiency in his Federal income tax in the amount determined by the Commissioner. FINDINGS OF FACT The petitioner, Robert M. Warner, resided at Moline, Ill., at the time he filed his petition in this case. He filed his Federal income tax return for 1973 with the Internal Revenue Service. In his notice of deficiency, the Commissioner disallowed $6,573.00 of deductions claimed by the petitioner either *290 because the petitioner had not established the deductions were ordinary and necessary business expenses or because he had failed to substantiate them. In his petition and amended petition, the petitioner contested the deficiency on the following grounds: (1) The Commissioner erred in disallowing the deductions; (2) the deficiency notice is void because the Commissioner had not audited him; (3) the assessment violates his rights under the 1st, 4th, 5th, 6th, 7th, and 13th Amendments to the United States Constitution; (4) the assessment violates section 7214 of the Internal Revenue Code of 1954; and (5) the assessment violates the rules and regulations governing the conduct of revenue agents. Thereafter, the petitioner pursued his objections by filing 21 motions with this Court, some of which necessitated hearings. The petitioner also filed a notice of appeal with the Court of Appeals for the Seventh Circuit, which was dismissed for lack of jurisdiction. At the trial of this case, the petitioner reiterated some of his constitutional objections to the deficiency notice. He also argued that he should not be required to prove his right to the claimed deductions *291 or otherwise substantiate them. He refused to present any evidence to substantiate the deductions unless the Internal Revenue Service granted him immunity. On several occasions during the course of this proceeding, he was informed that the Commissioner is not conducting a criminal investigation of the petitioner for 1973. OPINION The only issue for decision is whether the Commissioner's deficiency determination should be sustained. The Commissioner determined that the petitioner was not entitled to certain deductions primarily because the petitioner failed to substantiate the amounts and purposes of the deductions. Such determination is presumptively correct, and if the petitioner is to prevail, he must demonstrate such determination is erroneous. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Though the petitioner raised substantive issues in his petition regarding whether he was entitled to such deductions, he chose to present no evidence at the trial in support of his position. Instead, he argues principally that being forced to produce his books and records to substantiate the deductions in issue violated *292 his Fifth Amendment right against self-incrimination. However, the petitioner was not being investigated criminally for 1973, and there is absolutely no indication that any such investigation is likely. In addition, it was not unreasonable for the Commissioner to disallow the deductions without auditing the petitioner's books and records, because the petitioner refused to let the Commissioner examine them. Under these circumstances, the petitioner's Fifth Amendment argument is totally without merit. As we stated in Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979): Central to petitioner's case is his unfounded contention that under the Fifth Amendment he need not produce his books and records to respondent. Petitioner's position is completely without legal merit. As we noted in Roberts v. Commissioner,62 T.C. 834, 838 (1974), "The privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely. See Rogers v. United States,340 U.S. 367, 374 (1951); Brown v. Walker,161 U.S. 591, 599-600 (1896)." See also Figueiredo v. Commissioner,54 T.C. 1508, 1512 (1970), *293 affd. in an unpublished order (9th Cir., March 14, 1973). In this case, petitioner was repeatedly told, both prior to and at trial, that respondent was not conducting, and had no intention to conduct, a criminal investigation of petitioner with respect to this taxable year. Petitioner did not even contend to the contrary and made no attempted showing on the basis of which we could conclude that he had any legitimate concern regarding criminal prosecution. Nevertheless, petitioner refused to submit his books and records to either respondent or this Court. Related to petitioner's Fifth Amendment claim is his contention that respondent's determination, made without access to petitioner's books and records, is arbitrary. We considered a similar contention in Figueiredo v. Commissioner,supra, where the taxpayer refused to give his books and records to respondent on account of his alleged Fifth Amendment rights. We held that the taxpayer's "apparently baseless claim of the protection of the self-incrimination provisions of the fifth amendment cannot stand in the way of a determination of [his] civil tax liability." 54 T.C. 1512. We rejected as *294 meritless the taxpayer's contention that, because the deficiency notice was not based on an examination of the taxpayer's books and records, the burden of proof should be shifted to respondent. 54 T.C. at 1513. Accord, Roberts v. Commissioner,supra at 838. We reach the same conclusion here. As to the petitioner's other alleged constitutional, statutory, and common law objections to the deficiency notice, they have been held to be totally without merit on numerous occasions. See, e.g., Wilkinson v. Commissioner,supra;Hatfield v. Commissioner,68 T.C. 895 (1977); Swanson v. Commissioner,65 T.C. 1180 (1976). In this case, there may be a sound basis for questioning the Commissioner's disallowance of deductions, and the Court repeatedly urged the petitioner to deal with the merits of such issues and present any relevant evidence concerning such deductions. Yet, the petitioner refused to present one iota of evidence relating to the merits of the issue. Accordingly, we have no alternative but to sustain the Commissioner's deficiency determination. Decision will be entered for the respondent. *295