GARY J. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 6838-78.
United States Tax Court
T.C. Memo 1979-315; 1979 Tax Ct. Memo LEXIS 211; 38 T.C.M. (CCH) 1224; T.C.M. (RIA) 79315; August 14, 1979, Filed *211 Gary J. Smith, pro se. Thomas G. Hodel, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies and additions to tax for 1975 and 1976: Income
Additions to Tax Year
Tax
Sec. 6654
Sec. 6653(a)
Sec. 6651(a)
1975
$1,108
$ 55.40
$ 24.11
1976
2,785
$79.21
139.25
608.50
The notice of deficiency is based on a determination that petitioner "had net income from wages in 1975 and 1976 of $8,083.31 and $14,263.06 respectively from Fountain Sand and Gravel Co.", none of which was reported in proper income tax returns for those years. The Court was careful to explain to petitioner that the burden of proof rested with him to establish that the notice of deficiency was erroneous, but he offered no evidence to show that respondent erred in determining the amount of his income or deductions or in determining the additions to tax. Petitioner has failed to carry his burden of proof. Welch v. Helvering,290 U.S. 111, 115 (1933). The petition consists in large part of isolated sentences quoted from numerous Supreme Court opinions. Most of *212 the quotations deal with the privilege against self-incrimination guaranteed by the Fifth Amendment to the Constitution. Petitioner's contention that the proceeding before this Court violated such a privilege is without merit. He was informed by respondent's counsel that, to counsel's knowledge, no criminal proceedings against petitioner are in progress. This action was instituted by petitioner ostensibly to determine his income tax liability, and an apparently baseless claim of the Fifth Amendment privilege cannot stand in the way of making that determination. See Hartman v. Commissioner,65 T.C. 542, 547 (1975); Figueiredo v. Commissioner,54 T.C. 1508, 1513 (1970). Finally, at the trial petitioner devoted most of his time to an attack upon the jurisdiction of the Court to hear and decide his case. There is no merit in his argument in this respect. Burns, Stix Friedman & Co., Inc. v. Commissioner,57 T.C. 392 (1971). To reflect the foregoing, Decision will be entered for the respondent.