KAY D. MOSS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moss v. Commissioner
Docket No. 11825-79.
United States Tax Court
T.C. Memo 1980-254; 1980 Tax Ct. Memo LEXIS 331; 40 T.C.M. (CCH) 670; T.C.M. (RIA) 80254; July 16, 1980, Filed *331 Kay D. Moss, pro se. George L. Bevan, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1976 in the amount of $10,873.15. The notice of deficiency disallowed rental expenses in the amount of $22,973 and employee business expenses in the amount of $1,416. Petitioner resided in San Francisco, California, at the time of the filing of her petition in this case. The petition she filed assigned error with respect to both of the disallowances and alleged as facts the following: 5) The facts upon which the PETITIONERS rely as the basis of this case are as follows: A) The Rental Expenses are paid for and are ordinary, necessary expenses. Rental Expenses are allowable and can be substantiated. B) The Employee Business Expenses are paid for. They all can be sustantiated, for they are ordinary and allowable. C) Petitioner appeared on a prior case that is now on appeal for exactly the same issues. Petitioner is highly disturbed at the Commissioner's undue and unnecessary harrassment without due consideration as to her Constitutional and Civil Rights that are *332 being abrogated by the Commissioner and his delegate. This case was called for trial at San Francisco, California on June 2, 1980, in accordance with notice previously given. At the call, petitioner appeared in person and respondent appeared by counsel. Petitioner stated at the calendar call that she wanted to speak and claim her rights under the Fourth and Fifth Amendments to the Constitution and state that a case for a prior year was pending on the same categories that were being questioned on the year here in issue. She explained that in a case for a prior year she had appeared and refused to furnish substantiation for her claimed deductions and the case had been dismissed by an order from which she had appealed to the Court of Appeals for the Ninth Circuit. She stated that pending that decision she would provide substantiation if the Court so rules on a prior year for both years. The Court informed her that this Court had previously ruled that the Fourth and Fifth Amendments to the United States Constitution did not apply so as to prohibit the Commissioner from checking her records to verify claimed deductions. The Court set the case to be recalled at 2:00 p.m. to permit *333 petitioner to present her arguments with respect to her constitutional rights and to set a time for proceeding with the trial to permit her to substantiate the deductions if the Court determined that she was required to furnish such subsantiation. When the case was recalled at 2:00 p.m., there was no appearance by or on behalf of petitioner and respondent appeared by counsel. Respondent submitted in evidence petitioner's return which showed a claimed rental loss of $9,673 arrived at by subtracting from total rentals of $13,300, claimed deductions of $3,752 for depreciation, $594 for repairs, $18,037 for other expenses, and $590 for taxes and insurance making a total of $22,973. On this return petitioner also claimed a deduction of $1,416 for employee business expenses which were composed of claimed deductible automobile expenses of $2,574 and other claimed expenses for dues and subscriptions, lunches and conferences, airfare, meals and lodging, and telephone totaling $678. From the total of such claimed expenses of $3,252 was subtracted an amount of $1,836 listed as the amount of employer's payments of employee's expenses. The claimed deduction of $1,416 was the difference in *334 the claimed expenses and the amount stated to have been paid by petitioner's employer. Respondent also submitted when the case was recalled a complete copy of the notice of deficiency which showed (1) that the claimed deduction of $22,973 shown on petitioner's return as rental expenses and rental depreciation had been disallowed "because it has not been established that any amount was paid or incurred for ordinary and necessary rental expenses or rental depreciation," and (2) that the claimed deduction of $1,416 shown on the return as employee business expenses was disallowed "because it has not been established that any amount was paid or incurred for ordinary and necessary business expenses not reimbursed or reimbursable by your employer." In addition, respondent submitted copies of several letters addressed to petitioner. One of these letters, dated November 21, 1979, invited petitioner to a conference to present such evidence as she had to substantiate her claimed deductions. Another of these letters, dated December 12, 1979, stated in part as follows: On November 21, 1979 I sent you a letter setting up a tentative appointment for December 19, 1979 at 9:00 AM for an Appeals *335 hearing in regard to your 1976 tax case. In response to that letter I received a telephone call from Mr. John B. Dougherty on December 3, 1979. He mentioned that you had a prior case on appeal in the US Court of Appeals with the same issues and said that the 1976 tax case could not be settled in any way, shape, or form at this level. He also sent me a copy of your petition to the US Court of Appeals on your 1975 tax case.Since Mr. Dougherty is not legally authorized and qualified to act on your behalf in this matter, I am sending this letter to you via certified mail to confirm whether or not you wish this case to continue on for litigation in Tax Court. The text of your petition to the Court of Appeals indicates that you are citing the Fourth and Fifth Amendments of the Constitution for not submitting your records to verify your tax deductions. There are numerous court cases where it has been established that a request for records required to establish an individual's tax liability do not violate the taxpayer's constitutional rights under the 4th and 5th Amendments * * *. Attached to the copy of the letter dated December 12, 1979, was a copy of the receipt for certified mail *336 and a copy of the returned receipt showing receipt of the letter by petitioner. In addition respondent submitted copies of two letters addressed to petitioner, one dated February 15, 1980, and the other, sent by certified mail dated May 16, 1980. Both of these letters to petitioner were from an attorney representing respondent. Each of these letters requested petitioner to attend a proposed conference for the purpose of attempting to stipulate facts to be submitted at the trial of this case. The letters requested that petitioner bring to the conference specific documents or any other documents in substantiation of the claimed rental expense deduction and the claimed business expense deduction. After submitting these documents in the record respondent's counsel orally moved that the Court, under the provisions of Rule 123(a), hold petitioner to be in default and enter a decision against her for the deficiencies set forth in the notice of deficiency, or in the alternative that the case be dismissed for failure of petitioner to properly prosecute or to comply with the rules or an order of this Court and the deficiencies as set forth in the notice of deficiency be determined to *337 be due by petitioner. Certainly petitioner was in default in not appearing at the call of this case at 2:00 p.m. on June 2, 1980, as directed by the Court. Also the record clearly shows that petitioner chose at the time the case was called from the calendar to stand on her contention that she is not required because of her rights under the Fourth and Fifth Amendments to the United States Constitution to permit respondent to verify deductions claimed on her return or to submit substantiations for such deductions in a trial before this Court. Under these circumstances we conclude that the only issue presented is whether petitioner is correct in her position that her returns must be accepted as filed and respondent is not entitled to verify her claimed deductions. Since, as hereinafter discussed, this Court and other courts have consistently held contrary to petitioner's position, we decide the only issue presented by petitioner against her and dismiss the case for her failure to properly prosecute in that she offered no evidence to substantiate the claimed deductions. The same issue raised by petitioner in this case was considered by this Court in Roberts v. Commissioner,62 T.C. 834 (1974). *338 In that case we stated with respect to the necessity of presenting evidence to substantiate claimed deductions when the Commissioner has determined a deficiency in a taxpayer's income tax as follows (at 835): In most cases, if the Commissioner or a member of his staff determines that there is a deficiency in any tax, the petitioner then has the burden of proving such determination to be incorrect. Welch v. Helvering,290 U.S. 111 (1933); Burnet v. Houston,283 U.S. 223 (1931); Fuller v. Commissioner,313 F.2d 73 (C.A. 6, 1963), affirming on this issue a Memorandum Opinion of this Court. * * * In that case in regard to the taxpayer's contention that the Commissioner is not entitled by law to require substantiation of claimed deductions but must allow such deductions unless he has specific information independent of the taxpayer's records to show that the deductions are improper, we stated (at 836): The apparent thrust of the petitioner's second argument is that the Commissioner may assess deficiencies only when he has specific information that a claimed deduction is not permitted, and that the Commissioner cannot find a deficiency *339 merely because the petitioner does not attempt to furnish proof of his claimed deduction. We find no merit in this argument. Taxpayers have no inherent right to deductions; they are matters of legislative grace. Interstate Transit Lines v. Commissioner,319 U.S. 590, 593 (1943); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). The taxpayer must be able to point to some particular statute to justify his deduction and establish that he comes within its terms. Deputy v. DuPont,308 U.S. 488, 493 (1940); White v. United States,305 U.S. 281 (1938). While the petitioner might have been entitled to some or all of the deductions claimed by him, he refused to furnish the Commissioner with any records or other evidence to prove his right to any of such deductions. Because of such refusal on his part, the petitioner is in no position to challenge the reasonableness of the Commissioner's determination, nor complain of the procedural or evidentiary consequences resulting therefrom. See Joseph F. Giddio,54 T.C. 1530 (1970); Arthur Figueiredo,54 T.C. 1508 (1970), affirmed in an *340 unpublished opinion (C.A. 9, Mar. 14, 1973); Marko Durovic,54 T.C. 1364, 1390 (1970), affirmed in part, reversed in part on other grounds 487 F.2d 36 (C.A. 7, 1973), certiorari denied 417 U.S. 919 (1974); Estate of Henry Wilson,2 T.C. 1059, 1084-1086 (1943). [Fn. ref. omitted.] In Rockwell v. Commissioner,512 F.2d 882 (9th Cir. 1975), affg. a Memorandum Opinion of this Court, the Circuit Court held that where a petition is filed in this Court the burden is on the petitioner to substantiate the claims made in the petition by at least a preponderance of the evidence. With respect to the claim of the taxpayer in that case that it was unconstitutional tok place such a burden on him, the Circuit Court stated (at 887): Rockwell argues that to impose the burden of persuasion on him is to deny him due process of law. The argument borders on the frivolous. In most litigation, from time immemorial, the burden of proof--i.e., the burden of persuasion--is on the plaintiff. If Rockwell had paid the tax and sued in the district court to recover it, he would have had to shoulder that burden. The alternative *341 right, provided by the Congress, to contest the deficiency before the Tax Court without first paying the tax, is a matter of grace, granted to relieve taxpayers of the necessity of paying before suing. There is no reason to hold that the provision of this alternative remedy shifted the taxpayer's burden of proof. In other cases too numerous to require citation, this Court has held that the Commissioner of Internal Revenue is entitled through his agents to verify deductions claimed by a taxpayer and, if no substantiation of such deduction is produced, to determine a deficiency by disallowing the claimed deductions. Likewise in numerous cases this Court and other courts have held that when the Commissioner has disallowed deductions claimed by a taxpayer and a petition has been filed in this Court, it is incumbent on the taxpayer to substantiate the claimed deductions. If no such substantiation is produced by the taxpayer, the Commissioner's disallowance of these deductions will be sustained. See Harbin v. Commissioner,40 T.C. 373 (1963). Although our decision in this case might be placed on any one of several grounds, we dismiss this case for failure of petitioner *342 properly to prosecute and will determine deficiencies as set forth in the statutory notice of deficiency. An appropriate order and decision will be entered.