LEROY D. and MILDRED F. ATES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ates v. Commissioner
Docket No. 6667-79.
United States Tax Court
T.C. Memo 1981-11; 1981 Tax Ct. Memo LEXIS 734; 41 T.C.M. (CCH) 703; T.C.M. (RIA) 81011; January 8, 1981
Leroy D. Ates, pro se. Linda L. Wong, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a) [1]
1976
$ 2,918.46
$ 145.92
1977
3,357.00
167.85
Petitioners, Leroy D. and Mildred F. Ates, who were legal residents of Abilene, Texas, when they filed their petition, filed income tax returns for 1976 and 1977 reporting taxable income and claiming deductions. In the notice of deficiency issued to petitioners, respondent disallowed the claimed *735 deductions on the ground that petitioners had failed to substantiate them and computed the deficiencies by allowing petitioners a standard deduction. At the trial Mildred F. Ates did not appear. Leroy D. Ates (hereinafter petitioner) appeared but declined to offer any evidence to substantiate the claimed deductions unless and until he was assured that nothing in his testimony or records would be used for the purpose of prosecuting a criminal case against him. He stated, "I do maintain these records but I am not going to subject these records to people who may use them against me in a criminal case. * * *" Respondent's counsel advised that the her knowledge no criminal case against petitioner was contemplated, but that assurance was not acceptable to him. The self-incrimination provisions of the Fifth Amendment of the Constitution do not relieve petitioner of the duty to substantiate the deductions claimed on his returns so that his civil tax liability can be determined. See sec. 6001, 7602; cf. Figueiredo v. Commissioner,54 T.C. 1508, 1511-1513 (1970). In the absence of any evidence to show that the determinations in the notice of deficiency are erroneous, *736 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩