DONALD LEROY HUFFMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Huffman v. Comm'r
Docket No. 6926-80. United States Tax Court
T.C. Memo 1981-129; 1981 Tax Ct. Memo LEXIS 611; 41 T.C.M. (CCH) 1125; T.C.M. (RIA) 81129; March 23, 1981. Donald Leroy Huffman, pro se. Rose A. Mendes, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1977 in the amount of $ 9,288.49 and an addition to tax under section 6653(a), I.R.C. 1954, [1] in the amount of $ 464.42. The issue for decision is whether the imposition of an income tax is illegal under the Constitution of the United States. FINDINGS OF FACT Petitioner, who resided in Springfield, Ohio at the time of the filing of the petition in this case, filed a Federal income tax return for *612 the calendar year 1977 reporting business income as shown on an attached Schedule C of $ 4,787.08. The Schedule C attached to petitioner's return showed gross receipts of $ 55,654.20 from petitioner's sole proprietorship, Huffman Tree Company. From this amount of gross receipts was deducted business expense in the amount of $ 50,867.12, resulting in the reported profit. Respondent in his notice of deficiency disallowed $ 19,530.68 of the claimed business expense deduction and determined that petitioner had a capital gain after the deduction under section 1202 of $ 6,750. Respondent also disallowed dependency exemption deductions claimed by petitioner for his two daughters. The adjustments made by respondent resulted in a revised taxable income for petitioner in 1977 of $ 30,317.76. It was on this amount of income that respondent computed the deficiency in petitioner's tax. Petitioner in his petition assigned no specific errors but merely stated he contested the deficiency and addition to tax. All disallowed business expense deductions were disallowed by respondent for lack of substantiation. At the trial the Court inquired of petitioner if he had any records to offer *613 to substantiate the disallowed deductions. Petitioner stated: I have personally destroyed all of my records; I've burned all of them. I will not pay tax, because the only way that I can be found guilty is under the assumption of the government's findings in the Constitution that -- that they think gives them the right to make amendments to the Constitution that could be contrary to the Constitution. Petitioner further stated that he intended to prove that income tax and all taxes in the United States today are totally illegal and should not be paid by any citizen of the United States under this government or under this form of government. Petitioner referred to the Preamble to the Constitution of the United States, Article I (Section 9) of the Constitution, Article V of the Constitution, Article VI of the Constitution, the Bill of Rights in the Constitution, and Amendment 10 of the Constitution. In Roberts v. Commissioner, 62 T.C. 834, 836 (1974), we stated with respect to the taxpayer's contention that it was not incumbent on him to establish his right to claimed deductions as follows: We find no merit in this argument. Taxpayers have no inherent right *614 to deductions; they are matters of legislative grace. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593 (1943); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer must be able to point to some particular statute to justify his deduction and establish that he comes within its terms. Deputy v. DuPont, 308 U.S. 488, 493 (1940); White v. United States, 305 U.S. 281 (1938). While the petitioner might have been entitled to some or all of the deductions claimed by him, he refused to furnish the Commissioner with any records or other evidence to prove his right to any of such deductions. Because of such refusal on his part, the petitioner is in no position to challenge the reasonableness of the Commissioner's determination, nor complain of the procedural or evidentiary consequences resulting therefrom. See Joseph F. Giddio, 54 T.C. 1530 (1970); Arthur Figueiredo, 54 T.C. 1508 (1970), affirmed in an unpublished opinion (C.A. 9, Mar. 14, 1973); Marko Durovic, 54 T.C. 1364, 1390 (1970), affirmed in part, reversed in part on other grounds *615 487 F.2d 36 (C.A. 7, 1973), certiorari denied 417 U.S. 919 (1974); Estate of Henry Wilson, 2 T.C. 1059, 1084-1086 (1943). In this case, likewise, petitioner has made no showing of error on the part of respondent in disallowing his claimed deductions. Petitioner in his argument does not specifically state on what basis he considers the Federal income tax to be unconstitutional other than citing various provisions of the Constitution. The constitutionality of the income tax has been upheld by the Supreme Court. Brushaber v. Union Pacific Railroad Co., 240 U.S. 1 (1916). This Court has on numerous occasions held that various constitutional arguments made by taxpayers are not sufficient to show error in respondent's determination of a deficiency. See Cupp v. Commissioner, 65 T.C. 68 (1975), affirmed without published opinion 559 F.2d 1207 (3d Cir. 1977). Here, petitioner has shown no basis to support his contention that the income tax deficiency and addition to tax determined against him by respondent are unconstitutional or otherwise invalid or erroneous. Decision will be entered for *616 the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue unless otherwise noted.↩