ROGER L. BEST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Best v. Commissioner
Docket No. 15024-80.
United States Tax Court
T.C. Memo 1982-224; 1982 Tax Ct. Memo LEXIS 517; 43 T.C.M. (CCH) 1209; T.C.M. (RIA) 82224; April 28, 1982. Roger L. Best, pro se. Thomas N. Tomashek, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: Year
Amount
1974
$ 132.00
1975
111.00
1976
50.00
1977
9,385.00
Petitioner, Roger L. Best, was a legal resident of Hope, Idaho, when he filed his petition. He filed his Federal income tax returns for the years in controversy with the office of the Internal Revenue Service in Ogden, Utah. In the notice of deficiency, respondent, for lack of substantiation, disallowed certain claimed deductions for 1977 and denied certain claimed investment redits for 1974, 1975, and 1976. At the call of the trial calendar, respondent's counsel stated that an effort *518 had been made, without success, to serve petitioner with a subpoena duces tecum for the production of records needed to substantiate the claimed deductions and investment credits, but that a letter had been mailed to petitioner making a request for the production of the same documents. Petitioner stated to the Court that he had the records in court with him but that he would decline to make the records available because it "might possibly incriminate" him to offer them. Respondent's counsel advised the Court and petitioner that he had no knowledge of an Internal Revenue Service criminal investigation of petitioner. At that point, petitioner stated that he was "not worried about theInternal Revenue Service as far as criminal investigation goes" but that he was concerned about "other agencies, state and federal agencies." The Court advised petitioner that some general concern about possible criminal prosecution was not sufficient ground for his refusal to testify and that, absent substantiation of the disputed items, the Court would be compelled to sustain the determined deficiencies. Petitioner then filed a "Motion to Dismiss Deficiency," accompanied by a memorandum of points *519 and authorities, making the standard protestor arguments--that the determination of the deficiency violates the fourth, fifth, seventh, ninth and fourteenth amendments to the Constitution. The motion was denied. When the case was called for trial, petitioner again moved to "dismiss the deficiency," and his motion was denied. Petitioner then read into the record a statement reiterating his "constitutional" arguments. He offered no evidence to substantiate the disallowed deductions or investment credits. Neither the self-incrimination provisions nor any of the other cited provisions of the Constitution relieve petitioner of the duty to substantiate the deductions and credits claimed on his income tax returns so that his civil tax liability can be determined. See sections 6001 and 7602, Internal Revenue Code of 1954, as amended; Figueiredo v. Commissioner,54 T.C. 1508, 1511-513 (1970), affd. per order (9th Cir. Mar. 14, 1973); Ates v. Commissioner,T.C. Memo. 1981-11, affd. per order (5th Cir. Jan. 8, 1982). In the absence of any evidence to show that the determinations in the notice of deficiency are erroneous, Decision will be entered *520 for respondent.