JAMES M. SCOTT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scott v. Commissioner
Docket No. 3544-79.
United States Tax Court
T.C. Memo 1982-291; 1982 Tax Ct. Memo LEXIS 449; 43 T.C.M. (CCH) 1480; T.C.M. (RIA) 82291; May 26, 1982. James M. Scott, pro se. James A. Nelson, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Petitioner timely filed a Federal income tax return for 1975, and it was examined by the Internal Revenue Service. As a result of the examination, respondent determined a deficiency in the amount of $ 245.03. In determining the deficiency, respondent made several adjustments affecting taxable income, some favorable and some unfavorable to petitioner. The adjustments are as follows: Amount Shown
Amount as
Taxable Income
on Return
Revised
Increase or (Decrease)
Employee business expense
$2,155.00
$1,836.00
$319.00 Unearned income
8.23
8.23 Tools and rental
215.00
185.49
29.51 Union dues
666.21
(666.21)
Educational expenses
582.00
582.00 Exemption
750.00
750.00 *450 The principal reason for the adjustments unfavorable to petitioner was lack of substantiation. As originally filed, the petition requested that the case be handled as a small tax case under section 7463, Internal Revenue Code of 1954. At petitioner's request, when the case was first set for trial, it was converted to a regular case. The petition does not allege specific errors in respondent's determination but attaches a kit of "tax protestor" materials. When the case was called for trial on March 29, 1982, petitioner made no organized effort to show that respondent's determinations were erroneous. He offered no records of expenses to substantiate the disallowed amounts and gave no convincing specific testimony from which a finding allowing the disputed deductions could be made. He gave some general testimony regarding his claim to an educational expense deduction based on attendance at a local college but stated on cross-examination that he could not recall what courses he took. To most of the questions on cross-examination, he declined to answer on grounds of the Fifth Amendment but gave no possible ground for apprehending prosecution. Cf. Figueiredo v. Commissioner,54 T.C. 1508, 1512 (1970), *451 affd. per order (9th Cir., Mar. 14, 1973). There being no evidence to show that respondent's determinations were erroneous, Decision will be entered for the respondent.