GARLAND D. GLENN and PATRICIA A. GLENN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Glenn v. Commissioner
Docket No. 3250-81.
United States Tax Court
T.C. Memo 1983-2; 1983 Tax Ct. Memo LEXIS 782; 45 T.C.M. (CCH) 455; T.C.M. (RIA) 83002; January 4, 1983. *782 Garland D. Glenn, pro se. James W. Clark, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Amount
1976
$21,762.22
1977
$16,738.36
1978
$37,375.55
In determining these deficiencies, respondent increased the amount of the taxable income of R.E.I., Inc. (R.E.I.), a wholly owned "subchapter S" corporation, as reported by petitioner, and disallowed for lack of substantiation certain dependency exemption and itemized deductions and a claimed credit for a political contribution. At the trial of the case, petitioners offered no evidence to establish the amount of R.E.I.'s taxable income or their right to the claimed deductions and credit. The only issue is whether petitioners may be relieved of their normal burden of proof because petitioner Garland D. Glenn has claimed the privilege against self-incrimination provided by the Fifth Amendment to the Constitution. Petitioners filed joint Federal income tax returns for 1976, 1977, and 1978. On these returns, they showed adjusted gross income of $29,845.61 *783 for 1976, $24,530.95 for 1977, and $19,035 for 1978. Each of these returns shows petitioners' residence as Sarasota, Florida, and their petition shows that city as their legal residence when they filed the petition. On examination of the returns, petitioners failed to furnish substantiating information, and respondent determined deficiencies in the amounts set forth above. At the trial, petitioner Garland D. Glenn (hereinafter petitioner) advised the Court that he would not agree to stipulate or introduce any of his records in evidence because he could not do so "without violating my Constitutional rights under the Fifth Amendment." Respondent's counsel thereupon advised petitioner and the Court that he had checked with the Criminal Investigation Division for the Florida District and learned that there is no pending investigation, and there has never been an investigation of petitioners "either individually or jointly or through their corporation, R.E.I., Incorporated at any time in the Florida District." Petitioner nonetheless persisted in his refusal to offer any evidence as to his income or deductions. Upholding the dismissal of a case where a taxpayer had failed or refused *784 to produce any evidence to substantiate contested deductions even though a criminal prosecution was not pending or threatened, the Court of Appeals for the Eighth Circuit in Lukovsky v. Commissioner,     F.2d     (8th Cir. 1982), affg. an order of this Court, stated: The tax court has repeatedly held that "[t]he privilege against self-incrimination does ot apply where the possibility of criminal prosecution is remote or unlikely." Roberts v. Commissioner,62 T.C. 834, 838 (1974). The fifth amendment may not be used as a subterfuge to avoid paying taxes. See, e.g., Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). Although Lukovsky was dismissed for lack of prosecution, the same principle applies where, as in the instant case, some testimony is presented but such testimony does not deal with the amount of the taxpayer's income or deductions. To that effect, see Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Hatfield v. Commissioner,68 T.C. 895 (1977); Roberts v. Commissioner,62 T.C. 834, 838 (1974); and Figueiredo v. Commissioner,54 T.C. 1508 (1970), *785 affd. per order (9th Cir., Mar. 14, 1973), in all of which cases the taxpayer was found to have failed to carry his burden of proof. Petitioner has filed a brief setting forth a detailed account of his dealings with the revenue agents, but none of the statements in that account are supported by testimony or other evidence of record. Among a number of assertions and arguments which have become the standard fare of tax protestors, petitioner cites Weimerskirch v. Commissioner,596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), where the Court of Appeals for the Ninth Circuit held, in a case involving alleged dealing in narcotics, that a determined deficiency could not be sustained because the evidence of record failed to show, directly or by inference, that the taxpayer had engaged in drug dealing. The instant case, however, does not involve omitted income but deductions disallowed for lack of substantiation, [1] and the Ninth Circuit has held that the Weimerskirch rule does not apply where the Commissioner questions deductions. Karme v. Commissioner,673 F.2d 1062 (9th Cir. 1982), affg. 73 T.C. 1163 (1980). *786 Because the trial record does not show that respondent erred in determining the disputed deficiencies, Decision will be entered for the respondent.
Footnotes
1. As noted above, parts of the deficiencies are attributable to determinations that the net income of R.E.I., petitioners' wholly owned subchapter S corporation, should be increased. That increase, however, was due to the disallowance of R.E.I.'s claimed deductions.↩