LARRY D. McPHERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McPherson v. Commissioner
Docket No. 27464-89
United States Tax Court
T.C. Memo 1991-520; 1991 Tax Ct. Memo LEXIS 569; 62 T.C.M. (CCH) 1039; T.C.M. (RIA) 91520; October 21, 1991, Filed *569 Decision will be entered under Rule 155. Larry D. McPherson, pro se. James B. Ausenbaugh, for the respondent. KORNER, Judge. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION By statutory notice of deficiency dated August 11, 1989, respondent determined deficiencies in and additions to Larry D. McPherson's (petitioner) Federal income tax and self-employment tax, as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a) [1]
6653(a) [2]
6661
6654
1978
$ 4,104
$ 1,026
$ 205
---
$ 131
1979
4,206
1,052
210
---
176
1980
4,141
1,035
207
---
263
1981
5,959
1,490
298
---
455
1982
6,227
1,557
311
$ 1,557
606
1983
6,162
1,541
308
1,541
378
1984
6,851
1,713
343
1,713
430
1985
6,165
1,541
308
1,541
352
1986
7,466
1,867
373
1,867
361
*570 Following concessions by respondent, the remaining issues for decision are: (1) Whether the statute of limitations bars assessment with respect to taxable years 1978 through 1984; (2) whether respondent's determination of deficiency was arbitrary; (3) whether section 66(b) or (c) applies to the years in issue, except 1986, when petitioner was no longer married; and (4) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a), and 6654. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioner lived in Pocatello, Idaho, at the time the petition in this case was filed. From 1976 to 1985 petitioner was married to Susan McPherson (Susan), and they resided on a farm in Pocatello for most of the years of their marriage. Petitioner and Susan separated in November 1984 and were divorced in June 1985. Petitioner owned L&M Maintenance (L&M), a car and truck wash business, for at least some of the years at issue. Susan assisted in the business until 1980, at which time she ceased working, to give birth to the couple's third child. *571 One of L&M's customers was United Parcel Service (UPS), and in 1978 business from UPS accounted for over $ 21,000 in revenue. L&M had other accounts as well. Over the years the business with UPS declined. At times during the years at issue, petitioner also worked outside his business. Petitioner and his wife supplemented their income by growing vegetables and raising animals on their farm. For 1976 and 1977, petitioner and Susan filed joint Federal tax returns. They submitted joint tax return forms for taxable years 1978 through 1981 on which they claimed that revealing information regarding income violated their right against self-incrimination. Petitioner did not file any returns for 1982 through 1986. Susan filed separate returns for 1981 through 1985. Respondent reconstructed petitioner's income for the years at issue, since petitioner's records were determined to be inadequate. Petitioner no longer possessed his business records, having had all of them removed from his home, except for certain documents dealing with 1978. Respondent initially attempted to reconstruct petitioner's taxable income by determining the net income L&M generated for the years at issue, and *572 the income petitioner had received from other sources. However, respondent was unable to determine how many customers petitioner had, nor was he able to obtain the cooperation of petitioner's outside employer. Respondent computed petitioner's taxable income for the years at issue by averaging petitioner's income for 1976 and 1977, the last 2 years in which petitioner had filed completed returns, and by adjusting that amount for inflation according to the Bureau of Labor's consumer price index. Respondent further determined, as to the years petitioner was married to Susan, that all of the taxable income arising from L&M and petitioner's employment was the income of petitioner pursuant to section 66(b) for 1985, and pursuant to section 66(c) for the years 1978 through 1984, and thus all the community income (under Idaho law) was to be included in the gross income of petitioner. Respondent conceded on brief that the provisions of section 66(c) did not apply to the years 1978, 1979, and 1980. Respondent incorporated within the deficiency the self-employment tax under section 1401 for each of the years at issue. Respondent also determined that petitioner is liable for an addition *573 to tax for failure to file a tax return pursuant to section 6651(a)(1); for negligence or disregard of rules or regulations under section 6653(a); and for failure to pay estimated income tax according to section 6654. Respondent determined that section 6661 applied to the years 1982 through 1986; however, he conceded this matter on brief. OPINION Petitioner has failed to file any brief within the time period prescribed by the Court, nor has he filed a brief up to the date of this opinion. Notwithstanding these circumstances, this Court will resolve this case based upon the issues raised in the petition and amended petition to the extent the record allows. Petitioner asserted in his amended petition that the period of limitations expired with respect to the years 1978 through 1984 prior to issuance of the notice of deficiency covering those years. In general, respondent must assess income tax within 3 years after a return was filed. Sec. 6501(a). However, the statute of limitations allows assessment at any time where no tax return has been filed. Sec. 6501(c)(3). Moreover, "Tax forms that do not contain information upon which tax liability may be computed are not returns *574 within the meaning of the Internal Revenue Code." Edwards v. Commissioner, 680 F.2d 1268, 1269-1270 (9th Cir. 1982) and cases cited therein. The forms, as completed for the years 1978 through 1981, failed to apprise respondent of the facts necessary to determine petitioner's tax. Thus, since petitioner's "returns" for 1978 through 1981 fail to constitute valid returns and petitioner did not file any returns for 1982 through 1986, the period of limitations had not expired at the time the notice of deficiency for this case was issued. Petitioner contends that respondent's determination of income, based upon averaging the taxable income reported on his 1976 and 1977 returns and adjusting that figure to reflect changes in the cost of living, is arbitrary. Pursuant to section 446(b), respondent has broad discretion in determining income "particularly where the taxpayer files no returns and refuses to cooperate in the ascertainment of his income." Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970). Petitioner's records were either missing or incomplete, and respondent was unable to obtain information from petitioner's employer. Based upon these *575 facts and the record as a whole, we find that respondent's method of income reconstruction is not arbitrary. See Edwards v. Commissioner, supra; Miller v. Commissioner, T.C. Memo 1983-73, affd. without published opinion 745 F.2d 67 (9th Cir. 1984). As this Court said in Figueiredo v. Commissioner, 54 T.C. 1508, 1513 (1970), affd. without opinion (9th Cir. 1973): If the determined deficiencies are excessive, it is the petitioners who prevented a more accurate determination. In these circumstances they do not have a just ground for complaint. [Citations omitted.]
Furthermore, petitioner failed to present any evidence showing that respondent's determinations are erroneous. See Rule 142(a). In his amended petition, petitioner asserted that only one-half of the income determined by respondent to have been earned by him as an employee or in his business is attributable to him. Idaho is a community property state, and all property other than separate property, acquired before or during marriage, is community property. Idaho Code sec. 32-906 (1983). Where a spouse living in a community property *576 state files a separate return, he or she must generally report one-half of all community income. See United States v. Mitchell, 403 U.S. 190, 29 L. Ed. 2d 406, 91 S. Ct. 1763 (1971); United States v. Malcolm, 282 U.S. 792, 75 L. Ed. 714, 51 S. Ct. 184 (1931). Susan filed separate tax returns for the years 1981 through 1984. Respondent determined that pursuant to the provisions of section 66(c), all the gross community income was attributable to petitioner for 1978 through 1984. On brief, however, respondent conceded that the provisions of section 66(c) did not apply to the years 1978, 1979, and 1980, so that the usual division of community income between spouses would apply, and petitioner would be chargeable with only one-half of such income. Section 66(c) provides: (c) SPOUSE RELIEVED OF LIABILITY IN CERTAIN OTHER CASES. -- Under Regulations Prescribed by the Secretary, if -- (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) *577 the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,
then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual).
A taxpayer seeking to prevent application of section 66(c) must demonstrate that one of the four requirements was not met. See Rule 142(a). Susan, on her separate returns for 1981 through 1984, did not include her share of the community income attributable to petitioner. Further, petitioner did not adduce any evidence to show that the income at issue was not attributable to him pursuant to section 879(a). Thus, the first two requirements for application of section 66(c) have been met. The requirement of section 66(c)(3) will not be satisfied where a spouse had knowledge as to the source of the community income from which he or she is seeking relief. Hilton v. Commissioner, T.C. Memo 1990-379; Thatcher v. Commissioner, T.C. Memo 1988-537; *578 Bozek v. Commissioner, T.C. Memo 1986-37. Knowledge of the exact amount of community income is not required. Thatcher v. Commissioner, supra.The record establishes that although Susan may not have had control over the business books nor access to its funds after 1980, she, nonetheless, knew that petitioner was receiving income from L&M. She testified that L&M's business had declined over the years, and was even aware that certain accounts after 1980 were no longer active. Petitioner has shown that the facts of this case do not satisfy the condition of section 66(c)(3). Furthermore, Susan on cross-examination testified that petitioner paid their bills with the money he earned, including mortgage payments. Thus, we are left with the impression that Susan benefited from his income in an amount that appears to be more than de minimis, and on that basis the requirement of section 66(c)(4) has not been met. H. Rept. 98-432 (Part 2) at 1503 (1984). In these circumstances we find that section 66(c) is not applicable, and hence that petitioner is liable for only one-half of the community income for taxable years 1981 through 1984. Respondent *579 also denied petitioner the benefit of community property law for the year 1985 pursuant to his authority under section 66(b). [3] The earnings of either spouse continue to be community income, despite separation, until the divorce decree is entered. Suter v. Suter, 97 Idaho 461, 546 P.2d 1169, 1174 (Idaho 1976). Petitioner and Susan lived apart from November 1984 until their divorce in June 1985. Respondent determined that, since petitioner acted as if the income he earned from the beginning of 1985 until the divorce was solely his and failed to notify Susan of the nature and amount of income, the two requirements under section 66(b) were met, thus requiring petitioner to report all of his earnings as taxable income without the benefit of Idaho's community property law. The record fails to show that this determination is erroneous. We thus sustain respondent's determination with respect to this item. [4]
*580 Petitioner presented no evidence that respondent's determinations of the applicability of the self-employment tax, and of the additions to tax for negligence pursuant to section 6653(a), for failure to file pursuant to section 6651(a)(1), and for failure to pay estimated tax pursuant to section 6654 are erroneous for any of the years at issue. Estate of DiRezza v. Commissioner, 78 T.C. 19 (1982); Enoch v. Commissioner, 57 T.C. 781 (1972); Grosshandler v. Commissioner, 75 T.C. 1 (1980). In these circumstances, respondent's determinations are sustained as to these items to the extent of the income our holdings in this case require petitioner to report. See Rule 142(a). Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. The statutory notice referred to sec. 6651(a); however, the attachments thereto indicate that the correct reference is to sec. 6651(a)(1). ↩
2. The statutory notice so reads. The reference for taxable years 1981 through 1985 should be to sec. 6653(a)(1) and (2), and for taxable year 1986 should be to sec. 6653(a)(1)(A) and (B).↩
3. The effective date for sec. 66(b) barred respondent from applying this section to taxable years beginning prior to Jan. 1, 1985. Deficit Reduction Act of 1984, sec. 424(c), 98 Stat. 803, as amended by Technical and Miscellaneous Revenue Act of 1988, sec. 6004, 102 Stat. 3685. ↩
4. For 1986, as we have found, petitioner was divorced, so that the community property law no longer applied.↩