JOHN M. KRANC AND LOUISE G. KRANC, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kranc v. Commissioner
Docket No. 14432-82.
United States Tax Court
T.C. Memo 1987-343; 1987 Tax Ct. Memo LEXIS 343; 53 T.C.M. (CCH) 1330; T.C.M. (RIA) 87343; July 13, 1987
*343 Petitioner's records were seized from and returned to their accountant's offices in an independent investigation by respondent's agents, but have since been lost. Petitioners offered no testimony or other evidence to substantiate claimed deductions. Held: petitioners' deductions disallowed, as they have not met their burden of proof. John M. Kranc and Louis G. Kranc, pro se. Lynn C. Washington, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, *344 Judge: Respondent determined a deficiency in petitioners' income tax for 1978 in the amount of $ 5,553. The issue for decision is whether petitioners have met their burden of proof in regard to deductions for sales tax exceeding that allowed by respondent in his tables, employee business expenses, charitable contributions, and miscellaneous expenses. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners John M. and Louise G. Kranc, husband and wife, were residents of Sam Clemente, California, at the time of the filing of their petition. For the year 1978, respondent disallowed deductions for sales tax in excess of that allowed by respondent's tables, employee business expenses, charitable contributions, and miscellaneous expenses in the total amount of $ 17,331. Respondent contends that petitioners have no substantiation of any of the disallowed deductions. Alternatively, respondent contends that some of the items claimed on petitioner's return are nondeductible personal expenses. Petitioner contends that he should be excused from the substantiation requirements *345 since all his records were lost while in the possession of his accountant. Petitioner, John M. Kranc, is a union electrician who travels from one job site to another in order to ply his trade. During the year in issue, Mr. Kranc worked in Baton Rouge, Louisiana, and Trona, Ventura, and San Bernadino, California. When traveling among his various places of employment, Mr. Kranc is accompanied by his wife, and they take all of their personal possessions with them. Petitioners turned over their records to their accountant in Vista, California, for the purpose of preparing petitioners' 1978 income tax return. On May 1, 1981, after the return's preparation but before its audit, the offices of petitioners' accountants were searched by one or more of respondent's inspectors pursuant to a valid search warrant. Among those documents seized were the records used in preparing petitioners' 1978 tax return. On March 24, 1982, these documents were returned to one of petitioners' accountants at the accountant's residence. The documents have never been returned to petitioners. OPINION Of course, the burden of proof is upon petitioners. Rule 142(a); [1]Welch v. Helvering,292 U.S. 111 (1933). *346 Petitioners' records relating to their claimed deductions have been lost, and petitioner John M. Kranc offered no testimony at trial to support these expenditures. We are therefore compelled to find that petitioners have not met their burden of proof, and accordingly hold for respondents. Even had petitioners produced some evidence of their expenses, it appears that some of petitioner's claimed deductions are subject to disallowance as personal expenses under section 262. [2] While section 162(a)(2) allows a deduction for the reasonable expense of meals and lodging while away from home in the pursuit of a trade or business, we have previously stated that "where the taxpayer has neither a principal place of business nor a permanent residence, he has no tax home from which he can be away." Barone v. Commissioner,85 T.C. 462, 465 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986). Consequently, we concur in respondent's determination. *347 Decision will be entered for the respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
2. Section 262. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal living, or family expenses. ↩