EARL N. AND CAROLYN D. COOK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cook v. Commissioner
Docket No. 27296-89
United States Tax Court
T.C. Memo 1991-590; 1991 Tax Ct. Memo LEXIS 640; 62 T.C.M. (CCH) 1339; T.C.M. (RIA) 91590; December 2, 1991, Filed *640 Decision will be entered for the respondent. Patrick T. McKenna, for the petitioners. Anna Evashko, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in Earl N. and Carolyn D. Cook's (petitioners) Federal income tax and additions to tax as follows: Additions to Tax, Sections [1]
Year
Deficiency
6651 (a)(1)
6653(a)(1)
6653(a)(2)
1981
$ 24,301
$ 6,075
$ 1,215
*
After concessions by petitioners, [2] the issues remaining for decision are: (1) Whether petitioners are entitled to deductions in excess of those allowed by respondent for cost of goods sold, business expenses, and medical expenses; (2) whether petitioners are entitled to an investment tax credit in *641 excess of the amount allowed by respondent; and (3) whether petitioners are liable for additions to tax for the failure to timely file a return under section 6651(a)(1) and for negligence or intentional disregard of the rules or regulations under section 6653(a)(1) and (2). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits are incorporated herein by this reference. Petitioners resided in Diamond Bar, California, at the time they filed their petition in this case. Petitioners operated a trucking business, Pacific International Freight Systems, during the taxable *642 year 1981. Petitioners did not timely file their 1981 Federal income tax return. The return was filed on October 15, 1982. No extension had been granted. Beginning in 1983, petitioners' 1981 income tax return was audited by the Internal Revenue Service (IRS). Respondent's revenue agent, Irma Remstein, conducted the audit. The office audit began in 1983 and continued until September of 1986. Throughout the course of the audit, petitioners were requested to provide documentation in order to substantiate amounts claimed on their 1981 return. Over the 3-year period in which the audit proceeded, as many as 15 boxes of records were delivered to respondent's office. The records consisted of receipts, cancelled checks, journals, and ledgers. Ms. Remstein reviewed all of the submitted records and gave credit to the extent that the records substantiated the amounts. During the course of reviewing the records, Ms. Remstein allowed in full many of the expenses claimed by petitioners. Ms. Remstein wrote up the results on workpapers. During June of 1986, petitioners picked up some of their records from the IRS Office in Carson, California. Respondent requested that Ms. Cook sign an *643 information document request, a receipt, showing that the records were returned to them. Respondent filled out and signed the receipt on June 9, 1986. The receipt stated, "Return of documents, All documents submitted previously have been returned to me. Signed and dated." Ms. Cook's signature and her date, June, 19, 1986 followed. Ms. Cook then added, "Some documents not returned (one box)." Mr. Cook later wrote a letter to respondent, dated August 27, 1990, referencing a bomb threat incident as the explanation for the missing box of records. Respondent's normal procedure is to return all the records submitted by a taxpayer during an audit to the taxpayer at the end of an audit. Generally, respondent does not keep records of when taxpayer's records are returned. Moreover, it is not the regular procedure of respondent to secure a receipt when returning documentation to taxpayers. In this case, because the records were so voluminous, respondent prepared such a receipt. However, respondent did not subsequently prepare a receipt for the return of the additional one box. Subsequent to the audit, in early 1987, petitioners' case was assigned to respondent's appeals officer, Kathleen *644 Diaz. Ms. Diaz attempted to schedule a conference with petitioners, but petitioners delayed their only meeting with Ms. Diaz for at least 5 months. At the meeting, Ms. Diaz provided petitioners with copies of all workpapers related to the disallowances and told Ms. Cook that she would consider any documentation which petitioners could produce to substantiate the disallowances determined in the deficiency notice. Petitioners never informed or raised concern to Ms. Diaz that the records necessary to substantiate the disallowances were retained by respondent or were missing. Petitioners did not provide Ms. Diaz with any additional records to substantiate the disallowances. Ms. Diaz, therefore, did not modify the revenue agent's report. Respondent issued a notice of deficiency on August 15, 1989. Petitioners' claimed expenses were primarily denied because of a lack of substantiation. Respondent allowed petitioners to deduct the amount of cost of goods sold which petitioners verified through journal entries, Forms 1099, and available receipts. Respondent disallowed the portions of the cost of goods sold which were not documented. The business expenses claimed by petitioners which *645 were allowed were based on verification of cancelled checks and receipts. Automobile, legal, rent, taxes, and bad debt expenses were disallowed because of a lack of documentation and their nondeductibility under sections 162 and 166. Respondent also disallowed portions of petitioners' medical expenses and investment tax credit because petitioners failed to substantiate the amounts. OPINION Respondent contends that petitioners failed to substantiate the contested deductions and the investment tax credit for the taxable year 1981. Petitioners' sole contention is that the records which would substantiate the disallowed deductions were lost by respondent, and, therefore, petitioners should be relieved of the burden of substantiation. Respondent contends that all of petitioners' records have been returned. Respondent established that respondent does not retain on a permanent basis any records provided by taxpayers during audits, that the regular procedure followed by respondent is to require taxpayers to return to the IRS' office and pick up their records, and further that records provided to respondent during this type of audit are never returned by mail to taxpayers. We agree *646 with respondent that petitioners have failed to substantiate the disputed deductions and the investment tax credit in this case. We base our finding on two grounds. First, the burden of proof remained with petitioners, and petitioners failed to satisfy this burden of establishing that they were entitled to the additional deductions and the investment tax credit claimed. Second, petitioners had ample opportunity to use secondary evidence to substantiate the disputed amounts but failed to do so. Further, we consider it pertinent to note that petitioners did not make the effort to file a brief following the trial in this case. On this record we sustain respondent's deficiency determination. 1. Missing Records
Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934). Petitioners bear the burden of establishing that they are entitled to the claimed deductions and investment tax credit. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933). A taxpayer must substantiate the amounts which give rise to the claimed deduction, and if he does not, respondent is not arbitrary or unreasonable *647 in denying the deductions. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974). A taxpayer's inability to produce his records does not relieve him of this burden of proof. Estate of Mason v. Commissioner, 64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977); Figueiredo v. Commissioner, 54 T.C. 1508 (1970), affd. per order (9th Cir. Mar. 14, 1973). Petitioners assert that they were unable to substantiate the disputed deductions because some of the records which they produced during the audit were lost by respondent. In effect, petitioners argue that because one of approximately 15 boxes of records which they relate they produced is now missing, they should be relieved of the entire burden of substantiating the disputed deductions. There is no authority for placing the burden of proof on respondent in the current situation. As we noted in American Police & Fire Foundation, Inc. v. Commissioner, 81 T.C. 699, 706 (1983), "Petitioner's burden of going forward *648 with the evidence does not shift merely because his records are unintentionally lost, whether by petitioner, [or] the Government * * *. Instead, the type of evidence that may be offered to establish a fact is altered." The loss of records does not leave a taxpayer helpless in meeting his substantiation burden. In general, when a taxpayer's records have been lost or destroyed through circumstances beyond his control, he is entitled to substantiate the deductions by reconstructing his expenditures through other credible evidence. [3] *649 Pursuant to rule 1004 of the Federal Rules of Evidence, secondary evidence may be submitted when an original document is unavailable to prove its contents.[4] The Federal Rules of Evidence are applicable in Tax Court proceedings. Sec. 7453; Fed. R. Evid. 101, 1101; Rule 143. As we stated in Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979): Under [Rule 1004], the inability to produce a record which is unintentionally lost, whether by the petitioner, the Commissioner, or by a third party, alters the type of evidence which may be offered to establish a fact, but the rule does not affect the burden of proving a fact.
Ms. Cook testified that respondent lost some of their records during the audit. We are not obligated to accept a taxpayer's self-serving, improbable, uncorroborated testimony. Quock Ting v. United States, 140 U.S. 417, 35 L. Ed. 501, 11 S. Ct. 733 (1891); Geiger v. Commissioner, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam a Memorandum Opinion of this Court. We observed Ms. Cook's demeanor on the stand when testifying and considered the plausibility of her testimony in conjunction with the documentary evidence and the testimony of the other witnesses. We find that Ms. Cook's testimony with respect to the missing records was vague and not persuasive. At trial, Ms. Cook gave testimony that conflicted with prior statements made by petitioners. *650 In their petition, petitioners stated that two boxes of records which Ms. Cook testified where delivered to respondent in February of 1986, were lost in respondent's office as a result of a bomb threat. Mr. Cook, subsequent to Ms. Cook's signing the receipt which noted one missing box of records, wrote a letter to respondent in an attempt to verify the bomb threat. At trial, Ms. Cook testified that respondent lost only one box of their records. She testified that when petitioners went to reclaim their records in June of 1986, respondent told petitioners that one box of records was mistakenly delivered to another company. Based on these inconsistencies, we do not regard Ms. Cook's testimony to be reliable, plausible, or trustworthy. Respondent's revenue agent's testimony established that respondent does not retain records nor does it return records by mail. Those taxpayers wishing records returned must physically go to the office and retrieve them. Additionally, respondent testified that Ms. Cook brought an additional box of records into the IRS office on the day she signed the receipt and that this explained the reference to the box of records not returned. We find respondent's *651 witnesses credible. Based on the record before us, all that we can find is that petitioners' records are not now available, if they ever were. The only plausible story is that in June of 1986, when petitioners went to pick up a large portion of their records, including the two boxes of records delivered to respondent in February of 1986, they brought in an additional box of records. Subsequently, when respondent returned the single box, he did not request a receipt since one box did not amount to a large number of records. However, there is no conclusive proof as to the whereabouts of the missing box of records. Therefore, petitioners retain the burden of substantiating the contested deductions. [5]
*652 2. Deductions and Investment Tax Credit
Taxpayers are not relieved of their burden to substantiate deductions simply because their records are lost or missing. Petitioners failed to introduce any secondary evidence at trial to substantiate the contested deductions. On the record before us, we hold that petitioners have failed to meet their burden of proof with respect to the disputed deductions and the investment tax credit. A. Business Expenses
Petitioners claimed total Schedule C expense deductions of $ 555,298 for the taxable year 1981. Respondent disallowed $ 70,804 of this amount. In order to be allowed a business deduction the expenses must be: (1) Ordinary and necessary and incurred in their trade of business, and (2) petitioners must maintain records sufficient to substantiate the deductions claimed. Secs. 162 and 6001. The record contains no evidence pertaining to additional deductions for business expenses except the self-serving and uncorroborated testimony of Ms. Cook to the effect that respondent lost their records, and, therefore, they should be excused from the burden of substantiating their expenses. Consequently, respondent's disallowance is sustained. *653 B. Cost of Goods Sold
Petitioners claimed a cost of goods sold deduction of $ 1,803,059 on their 1981 return. Respondent disallowed $ 12,733 of this amount. During the audit and appeals process, respondent allowed all of the expenses which petitioners could substantiate. Petitioners did not come forward with any additional evidence at trial and, therefore, the disallowance is sustained. C. Medical Expenses
Petitioners claimed a medical expense deduction of $ 7,354 for the taxable year 1981. Respondent disallowed $ 3,741 of this amount based on a lack of substantiation. Section 213 allows a deduction for qualified medical expenses. Section 1.213-1(h), Income Tax Regs., provides that In connection with claims for deductions under section 213, the taxpayer shall furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case * * *.
As to the disallowed deductions, petitioners did not produce such records. Therefore, they have not met their burden of proof. Accordingly, the respondent's disallowance of the medical expenses is sustained. D. Investment Tax Credit
*654 Petitioners claimed an investment tax credit of $ 5,426 for the taxable year 1981. Respondent disallowed $ 623 of this amount based on a lack of substantiation. Section 38 allows for an investment tax credit on qualified property used in business or profit-seeking activities. Like other deductions, petitioners bear the burden of proving they qualify for such a credit. Here again, petitioners offered no proof in brief or at trial which tended to support their claim for the investment tax credit. Consequently, respondent's disallowance of the investment tax credit is sustained. 3. Additions to Tax
Respondent determined additions to petitioners' Federal income tax for the taxable year 1981 under sections 6651(a)(1), 6653(a)(1) and (2). Petitioners bear the burden of establishing that they are not liable for these additions to tax. Baldwin v. Commissioner, 84 T.C. 859, 871 (1985); Neubecker v. Commissioner, 65 T.C. 577, 586 (1975); Enoch v. Commissioner, 57 T.C. 781, 802 (1972). A. Failure to Timely File
Section 6651(a)(1) provides for an addition to tax for failure to file a timely tax return unless it is *655 shown that such failure is due to reasonable cause and not due to willful neglect. The burden of proof is on petitioners to show that the failure is due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985); Davis v. Commissioner, 81 T.C. 806, 820 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). Petitioners did not timely file a Federal income tax return for the taxable year 1981. The return was filed on October 15, 1982. No extension had been granted. Furthermore, petitioners failed to introduce any evidence to establish that their failure to timely file was due to a reasonable cause. Accordingly, the addition to tax under section 6651(a)(1) is sustained. B. Negligence
Section 6653(a) provides for an addition to tax if any part of the underpayment is due to negligence or intentional disregard of the rules or regulations. Negligence is defined as the failure to exercise due care that a reasonable and ordinarily prudent person would exercise under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985); Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), *656 affg. on this issue a Memorandum Opinion of this Court. Respondent's determination that petitioners' underpayment was due to negligence is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984). See also Enoch v. Commissioner, supra.Accordingly, petitioners have the burden of proving that respondent's determination is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Respondent relies on petitioners' failure to timely file their 1981 return and the significant adjustments in dollar amounts made to income and expense items to support its negligence determination. Taxpayers have a statutory duty to timely file income tax returns, and the breach of this duty without a showing of reasonable cause is negligent. Emmons v. Commissioner, 92 T.C. 342, 345-350 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Petitioners' untimely filing and failure to report significant amounts of income, compounded with their *657 complete inability to produce secondary records to substantiate the disputed deductions demonstrate that they were negligent. Moreover, petitioners did not present persuasive evidence of any attempt to replace or reconstruct the missing records. Ms. Cook merely testified that the records were too numerous to reconstruct and that her accountant was unable to assist in any reconstruction. Finally, petitioners offered no proof on this issue at trial. Consequently, respondent's determination is sustained. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code as amended and in effect for the taxable year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent interest due on $ 24,301↩
2. Petitioners conceded that during the taxable year 1981 they failed to report $ 28,115 income which represented $ 25,373 of additional gross receipts, $ 1,768 of gambling income, and $ 974 of interest income. Respondent, in his notice of deficiency, determined that petitioners were liable for self-employment taxes under section 1401. Petitioners did not contest this determination.↩
3. See sec. 1.274-5(c)(5), Income Tax Regs.; Watson v. Commissioner, T.C. Memo 1988-29↩.
4. Rule 1004 of the Federal Rules of Evidence provides: The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if - (1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; * * *.↩
5. Regardless of which party was responsible for the loss, petitioners in this case still bear the burden to substantiate the contested deductions and investment tax credit. This Court held that even where the Commissioner testified that the records may have been lost by the Commissioner, the taxpayer still had the burden to produce alternative documents to substantiate his claimed deductions. Mueseler v. Commissioner, T.C. Memo 1984-583. Additionally, even where we found that a taxpayer's records were lost for reasons beyond his control, we held that the taxpayer still must come forward with additional documentation or we were compelled to find that taxpayer had not met his burden of proof. Kranc v. Commissioner, T.C. Memo 1987-343↩.