# United States Tax Court

T.C. Memo. 2026-43

SANG HUN LEE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 7034-24.                                Filed May 27, 2026.

————

Sang Hun Lee, pro se.

*Avraham Naiditch* and *Donald D. Priver*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

SIEGEL, *Special Trial Judge*: In a Notice of Deficiency dated February 5, 2024, respondent determined a deficiency in petitioner's 2018 federal income tax of $22,383, plus an addition to tax for failure to timely file pursuant to section 6651(a)(1), an addition to tax for failure to timely pay pursuant to section 6651(a)(2), and an addition to tax for failure to pay proper estimated tax pursuant to section 6654.[1] Petitioner disagreed, claiming he had business expenses to deduct and reasonable cause for his failure to timely file and make payments. For the reasons explained below, we find for respondent.

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                   FINDINGS OF FACT

Some of the facts are stipulated and are so found. Mr. Lee lived in Texas when the Petition was filed, but he lived in California during the year at issue.

Mr. Lee is an engineering professional, and he had at least three jobs in 2018. For the most part, his primary full-time employment was in person as a contract employee for Phoenix Industrial Technologies, LLC (Phoenix), in Morgan Hill, California, a city near San Jose. Mr. Lee worked for Phoenix starting partway through 2017, and he continued working there as a contractor until he was hired as the company's "W-2" chief technology officer in 2022. At the time of trial, he was still working there. In 2018 Phoenix paid him $84,111.

Mr. Lee also did some small projects, such as running cable and other manual labor, for a network installation company called Kera View, Inc. When or how much he was paid for his work there was not made part of the record. In addition, Mr. Lee did some remote part-time work for a company called Pacific Loanworks based in the Los Angeles area. Mr. Lee said that Pacific Loanworks paid him approximately $21,000 in 2018, some of which was a reimbursement for computer equipment he had purchased. Mr. Lee explained at trial that he worked so much out of financial necessity, as well as lingering sadness over the 2015 death of his father.

After his father passed away, Mr. Lee and his wife moved from northern California to Los Angeles to be closer to his mother. Because it was too far to commute every day back and forth to Morgan Hill, Mr. Lee stayed closer to the Phoenix office during the week. He rented a room in San Jose for cash from an old woman he met through a newspaper ad, or sometimes he stayed with friends in the area; Mr. Lee then commuted to the office from wherever he was staying. On the weekends, Mr. Lee went back to Los Angeles.

Mr. Lee did not file a federal income tax return for 2017, 2018, or 2019. For 2018 the Internal Revenue Service prepared a substitute for return (SFR) for him using only the information provided by Phoenix (showing that he had been paid $84,111), applying a self-employment tax adjustment, and allowing him the standard deduction. None of his other income was made part of the SFR or this case.

On the basis of the SFR respondent determined a deficiency, an addition to tax for failure to timely file, an addition to tax for failure to

**[*3]** timely pay, and an addition to tax for failure to make estimated tax payments. Mr. Lee disputes respondent's deficiency determination because it does not allow him deductions for what Mr. Lee claims are approximately $54,000 in business expenses. He disputes the additions to tax, claiming that he had reasonable cause.

## OPINION

I. *Deficiencies: Legal Standards*

A. *Burden of Proof*

The Commissioner's determinations in a Notice of Deficiency are generally presumed correct. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). The taxpayer bears the burden of proving those determinations erroneous. *See* Rule 142(a). Although section 7491(a)(1) provides that the burden may shift to the Commissioner in certain circumstances, Mr. Lee does not contend, and the evidence does not establish, that the burden shifts here.

B. *Substantiation*

Unless specifically enumerated in the Code, no deductions are allowed for personal, living, or family expenses. *See* § 262(a). To the extent the Code allows deductions from income for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business or for the production of income, *see* §§ 162(a), 212(1), deductions are a matter of legislative grace, and the taxpayer's burden requires him to establish entitlement to any claimed deduction, *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). In other words, a taxpayer claiming a deduction must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. *See* § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); Treas. Reg. § 1.6001-1(a).

Substantiation requires taxpayers to keep and provide books of accounts or records sufficient to establish "matters required to be shown by such person in any return of such tax or information." Treas. Reg. § 1.6001-1(a); *see also* § 6001; *INDOPCO, Inc. v. Commissioner*, 503 U.S. at 84. The failure to keep and present accurate records counts heavily

[*4] against a taxpayer's attempted proof. *See Rogers v. Commissioner*, T.C. Memo. 2014-141, at *17.

For some types of expenses, lack of substantiation can be overcome. *See, e.g., Phillips v. Commissioner*, T.C. Memo. 2013-215, at *22–23. For these expenses, "if a taxpayer establishes that a deductible expense has been paid but cannot establish the precise amount of the deductible expense, the Court may estimate the amount." *Id.* at *23 (citing *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930)). "In making the estimate, the Court bears heavily against the taxpayer who failed to more precisely substantiate the expense." *Id.* (citing *Cohan v. Commissioner*, 39 F.2d at 544). "The Court will not estimate a deductible expense unless the taxpayer presents a sufficient evidentiary basis on which an estimate can be made." *Id.* (citing *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985)); *see also Rodriguez v. Commissioner*, T.C. Memo. 2009-22, slip op. at 11 (stating, with respect to the *Cohan* rule, that "we can't just guess").

Other types of expenses, however, may not be estimated because of the strict substantiation requirements of section 274(d). *See Sanford v. Commissioner*, 50 T.C. 823, 827–28 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that no deduction shall be allowed for, among other things, traveling expenses and expenses with respect to listed property (including passenger automobiles) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement" (1) the amount of the expenditure or use; (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and (4) the business relationship to the taxpayer of the recipients or person receiving the benefit. *See Sanford*, 50 T.C. at 827; Temp. Treas. Reg. § 1.274-5T(a). Substantiation for this purpose requires the taxpayer to maintain an account book, a diary, a log, a statement of expenses, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills). Temp. Treas. Reg. § 1.274-5(c)(2)(i) and (ii).

C.    *Expenses Incurred Away from Home*

Although a taxpayer may not typically deduct personal expenses such as the costs of meals and lodging, *see* § 262, properly substantiated traveling expenses, including meals and lodging, incurred by a taxpayer while traveling away from home in the pursuit of a trade or business may be deductible, §§ 162(a)(2), 274(d). To qualify for deduction under

**[\*5]** section 162(a)(2), the traveling expense must be (1) reasonable and necessary; (2) incurred while the taxpayer was traveling "away from home"; and (3) directly related to the conduct of the taxpayer's trade or business. *Commissioner v. Flowers*, 326 U.S. 465, 470 (1946). The reference to "home" in section 162(a)(2) means the taxpayer's tax home. *Mitchell v. Commissioner*, 74 T.C. 578, 581 (1980); *Foote v. Commissioner*, 67 T.C. 1, 4 (1976); *Kroll v. Commissione*r, 49 T.C. 557, 561–62 (1968).

Generally, a taxpayer's tax home is determined by the location of the taxpayer's regular or principal place of business, regardless of where the taxpayer's residence is located. *Mitchell*, 74 T.C. at 581; *Kroll*, 49 T.C. at 561–62. Usually, if the location of the taxpayer's regular place of business changes, so does the taxpayer's tax home unless the period of employment at the new location is, or is reasonably expected to be, temporary. *Kroll*, 49 T.C. at 562–63; *Mitchell v. Commissioner*, T.C. Memo. 1999-283. By law, a "taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." § 162(a) (flush language).

II.    *Analysis*

Mr. Lee disputes the Commissioner's deficiency determination for 2018 because it does not allow him deductions for what Mr. Lee claims are business expenses. But he failed to establish that he was entitled to any, no matter what the standard used for evaluation.

Instead of receipts, Mr. Lee provided copies of bank statements listing dates and amounts of various purchases debited from his bank account. He also provided two spreadsheets he created sometime after the year at issue. The first spreadsheet lists a series of purchases and labels them summarily as meals, auto expenses, computer parts, etc. For example, Mr. Lee labels a March 14, 2018, purchase from Fry's Electronics as "computer parts." He identifies a February 23, 2018, purchase from Dickey's Barbecue as a "meal." The second spreadsheet lists purchases and includes Mr. Lee's notes as to the name of the employer to which the expense ostensibly relates—but again without explanation. For example, merely identifying a Walmart purchase made on May 10, 2018, as attributable to Pacific Loanworks does not, without more information about what was purchased or explanation as to its business connection, even suggest Mr. Lee's entitlement to a deduction for the purchase. The same holds true for purchases such as the one he made at Home Depot on November 26, 2018, marked "Kera View."

[*6]    Mr. Lee said that he was unable to provide more detail because he stored his receipts in his car, the vehicle was broken into multiple times, and his receipts were stolen each time. Irrespective of whether we found this testimony credible, we note that "[t]he loss of records does not leave a taxpayer helpless in meeting his substantiation burden." *Cook v. Commissioner*, T.C. Memo. 1991-590, 62 T.C.M. (CCH) 1339, 1341. Generally, when the taxpayer's records have been lost or destroyed through circumstances beyond his control, he is entitled to substantiate his expenditures through other credible evidence. *See Boyd v. Commissioner*, 122 T.C. 305, 320 (2004); *Watson v. Commissioner*, T.C. Memo. 1988-29. Mr. Lee did not provide any. Merely labeling an expenditure is insufficient for our purposes under *Cohan*; the amounts subject to strict substantiation fare no better under section 274(d).

The lack of detail also means that Mr. Lee did not establish that the expenses had a valid business purpose despite his having been given multiple opportunities to provide one. For example, when asked about the meals expenses identified on his spreadsheet, Mr. Lee explained that some of them stemmed from his picking up the check when he went to lunch with coworkers. He points us to no statutory provision that converts this type of personal expense to a deductible one. *See* § 262; *Commissioner v. Flowers*, 326 U.S. at 470.

Mr. Lee contends that other meals are deductible, along with lodging and commuting expenses, because he was away from home working for Phoenix. Mr. Lee's failure to properly substantiate any of his reported expenses means we need not consider in detail whether he was actually "away from home" working for Phoenix in 2018. *See* § 162(a) (flush language). But we note that a "taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." *Id.*

III.    *Additions to Tax*

The Commissioner bears the burden of production with respect to the imposition of additions to tax. *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). Mr. Lee does not suggest that respondent has failed to satisfy his burden, and the record reflects that his burden has been met. Mr. Lee admits that he failed both to file a tax return for the year at issue and to make payments. His only opposition to the imposition of the additions to tax is based on his claims of "reasonable cause."

**[*7]**    A.    *Section 6651*

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Whether "reasonable cause" and lack of "willful neglect" exist is a question of fact, and the burden of establishing these facts is on the taxpayer. *United States v. Boyle*, 469 U.S. 241, 245 (1985). Mr. Lee readily admits that he failed to file an income tax return for 2018. He claims he had reasonable cause: Between commuting and working multiple jobs, he just did not have time. His argument is unpersuasive. We have repeatedly held that work demands—even extreme ones—do not constitute reasonable cause for purposes of section 6651(a)(1). *Dustin v. Commissioner*, 53 T.C. 491, 507 (1969), *aff'd*, 467 F.2d 47 (9th Cir. 1972).

Similarly, section 6651(a)(2) provides for an addition to tax for failure to timely pay the amount of tax shown on a return, unless it is demonstrated that such failure is due to reasonable cause and is not due to willful neglect. When, as here, a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared a substitute for return. *See* § 6651(g)(2); *Wheeler v. Commissioner*, 127 T.C. 200, 210 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008). Respondent introduced into evidence an SFR for 2018 that satisfies section 6020(b). *See Cabirac v. Commissioner*, 120 T.C. 163, 170–72 (2003), *aff'd*, No. 03-3157, 2004 U.S. App. LEXIS 28852 (3d Cir. Feb. 10, 2004). Mr. Lee does not dispute that he failed to timely pay his federal income tax for 2018, and being busy does not excuse his failure to do so. He has not shown reasonable cause and is liable for the addition to tax pursuant to section 6651(a)(2).

B.    *Section 6654*

Section 6654(a) imposes an addition to tax on an individual who underpays his estimated tax. This addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. § 6654(c) and (d). Each required installment is equal to 25% of the "required annual payment." § 6654(d). Where a taxpayer has not filed a return for the current tax year or the immediately preceding tax year, the "required annual payment" is equal to 90% of the tax due for the current year. § 6654(d)(1)(B).

The Commissioner's burden of production under section 7491(c) requires him to produce evidence that the taxpayer had a required

**[\*8]** annual payment under section 6654(d). *See Wheeler*, 127 T.C. at 211. To do so, the Commissioner must establish the tax shown on the taxpayer's return for the preceding year or demonstrate that the taxpayer filed no such return. *See Wheeler*, 127 T.C. at 212; *Harvey v. Commissioner*, T.C. Memo. 2023-95, at \*6–7; *Collins v. Commissioner*, T.C. Memo. 2020-50, at \*47. Respondent points out, and Mr. Lee admits, that petitioner did not file a tax return for 2017 or 2018. The copy of the SFR for 2018 in the record shows that tax was due. It is clear that Mr. Lee had a required payment. Respondent has satisfied his burden of production.

Section 6654 has no general exception for reasonable cause, and Mr. Lee has not suggested that he satisfied any of the statutory exceptions under section 6654(e). *See Mendes v. Commissioner*, 121 T.C. 308, 323 (2003). Accordingly, Mr. Lee is liable for the addition to tax under section 6654(a) for tax year 2018.

To reflect the foregoing,

*Decision will be entered for respondent.*